## CONGREGATION BETH ISRAEL *vs.* DENNIS F. O'CONNELL & another.

Suffolk.    December 5, 1904. — January 5, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Stable. Statute. Religious Society. Words,* "Hire."

The provision of R. L. c. 102, § 70, that "No person shall, in a city, occupy or use a building for a livery stable or a stable for taking or keeping horses and carriages for hire or to let within two hundred feet of a church or meeting house erected and used for the public worship of God without the consent in writing of the religious society or parish worshipping therein," does not apply to a stable which is let out in specified parts to tenants who take care of their own horses. *Semble*, that the prohibition of the statute extends to a case where the back of a stable of the kind described in the statute is within two hundred feet of the back of a church although the buildings face on different streets.

BILL IN EQUITY, filed June 9, 1904, by a religious corporation having a church used as its place of worship at No. 9 in Baldwin Place in Boston, to restrain the defendants from erecting and using a stable at No. 49 on North Margin Street in that city for taking and keeping horses and carriages for hire or to let within two hundred feet of the church of the plaintiff with-

out the plaintiff's consent in writing as required by R. L. c. 102, § 70.

In the Superior Court the case was heard by *Hardy*, J., who found the facts stated in the opinion of the court, and made a decree that the bill be dismissed with costs. The plaintiff appealed. At the request of the defendants a commissioner was appointed under Chancery Rule 35 to report the evidence to this court.

*C. S. Hill*, (*J. L. Crowley* with him,) for the plaintiff.

*H. G. Allen*, for the defendants.

LORING, J. This is a bill in equity by a religious corporation to enjoin the erection of a stable which is being constructed without its consent within two hundred feet of its church building, on the ground that it is a stable within the second clause of R. L. c. 102, § 70. A final decree was entered, declaring first that the building complained of was " to be used as a stable in the manner following and not otherwise: To let in such building to any person desiring to hire the same the right to keep a horse and vehicle therein in a specified place, such persons having the care, custody and control of such horse and vehicle; that said defendants will not keep, hire, or let for hire any horses or other animals in said premises "; secondly, " that the purpose for which the stable is to be built is not that of a livery stable or for keeping horses or carriages to let or for hire "; and that the bill should be dismissed with costs. The suit is here on an appeal by the plaintiff.

What we have under consideration here is not the rule but an exception to the general rule as to building stables in that class of cities which includes Boston. The rule is that no stable shall be built unless licensed by the board of health. R. L. c. 102, § 69. That rule has been complied with in the case at bar. The exception here under consideration is that buildings shall not be erected or used for certain kinds of stables within two hundred feet of a church, without the consent in writing of the religious society or parish worshipping therein. R. L. c. 102, § 70. Under the general rule any kind of stable may be licensed to be built within a foot of a private dwelling house or of a hotel. The general rule deals with the stable being a nuisance by reason of noise and smell, but the exception

as to a stable within two hundred feet of a church must be taken to be based upon the fact that the kind of stable described in the exception will be likely to attract persons who would be obnoxious to a congregation of church goers.

The plaintiff relies on the words "a stable for taking . . . horses and carriages for hire." These words as well as the exception were doubtless taken from a special act as to the town of Boston, St. 1810, c. 124, which was under consideration in *Hastings* v. *Aiken*, 1 Gray, 163, and was finally repealed by St. 1889, c. 89, § 3. There the words are "taking in . . . upon hire." The word "hire" in that act must be taken to have its secondary meaning of compensation or pay as distinguished from its more accurate meaning of compensation for use, and the words "taking in . . . upon hire" to have been inserted to make certain that a boarding stable was within the act.

The defendants' scheme cannot be held to come within the prohibition against taking in horses for pay. What the defendants intend to do is to let out their stable or specified parts of it to tenants who take care of their own horses. We have here with respect to stables the familiar distinction between a tenant and a lodger in case of houses, as to which see *White* v. *Maynard*, 111 Mass. 250.

Even if it were thought that it would be as likely that persons obnoxious to church goers would resort to such a stable as the defendants here intend to conduct as would go to a boarding stable or to a livery stable, that consideration would not be material. Whether that is so or not so, is not a question for the court. The Legislature has drawn the line between stables where horses are taken in for pay or are kept to be let out on the one hand, and all other stables on the other hand. The only question for the court is to determine in which class the stable here in question belongs. We are of opinion that it comes within the latter class, because the defendants here do not propose to take in horses for pay, but to let out their stable in tenements for rent, the tenants taking care of their own horses.

It may be worth while to point out, although it does not affect the legal merits of the case, that the stable and church here in question face on different streets, and that it is only the back of the stable that is within two hundred feet of the back of the

church.   Under these circumstances there does not seem to be in fact much chance of the plaintiff congregation suffering from obnoxious persons resorting to the stable.

As the decree undertakes to recite that the stable is not within the statute because it is not "a livery stable or for keeping horses or carriages to let or for hire," omitting the word "taking," the decree should be modified by inserting that word; and so modified the decree dismissing the bill should be affirmed.

*So ordered.*