[No. 7545.]

ROHRER v. ROSS.

1. LIEN OF AGISTER—*Mortgaged Chattels*—The lien granted by the statute (Mills Stat. sec. 2854, Rev. Stat. sec. 4013), extends only to the right of the one from whom the animals are received.

2. LIENS—*Mechanics' Lien Upon Chattels*—One claiming a lien upon a wagon, for repairs, must make it appear from an averment of facts that it was delivered to him for the purpose of such repairs, whether he claims under the common law or under the statute (Mills Stat. sec. 2856, Rev. Stat. sec. 4015).

3. PLEADINGS—*Motion for Judgment Upon*, is not allowed for mere insufficiency.

*Error to Boulder District Court.*—Hon. HARRY P. GAMBLE, Judge.

Mr. C. A. IRWIN, Mr. ISHAM R. HOWZE and Mr. JOHN A. DEWEESE, for plaintiff in error.

Mr. J. J. McFEELEY, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error brought a suit in replevin against the defendant in error to recover the possession of two horses, one ore wagon, and one set of double-trees, and a neck-yoke. He based his right to the possession of this property upon the ground that he was the owner, by assignment, of a chattel mortgage and note secured thereby, which had been executed by The Champion Mining and Milling Company upon the property involved; that the chattel mortgage had been duly filed for record; that there was due and unpaid on the note thereby secured the sum of $344.50, and that this note had been extended from time to time, and the lien of the chattel mortgage preserved by filing with the county clerk of the county where the mortgage was recorded affidavits, or sworn statements, as by law required.

The defendant answered, to the effect, so far as material to consider, (1) denying the averments of the complaint; and (2) that the property in controversy, subsequent to the date the mortgage mentioned in the complaint was executed and recorded, had been delivered to him by the mortgagor, with instructions to feed and care for the same, and that in so doing he had incurred an expense in feeding the animals and repairing the wagon, of something like $275.00, under which he claimed a lien, as provided by the statute. Thereafter, on motion of counsel for defendant, the court entered the default of plaintiff for failure to plead to the affirmative defense. Upon entry of this order, counsel for defendant then made an oral motion for judgment on the pleadings, which

was sustained, and judgment rendered dismissing the action. Plaintiff brings the case here for review.

The first question is, whether or not, under our statutes (sections 2854 and 2856, Mills'), which provide that an agistor to whom any horses shall be entrusted for the purpose of feeding or keeping, or any mechanic or other person who shall repair any article of personal property at the request of the owner of such property, is entitled to a lien upon such animals or personal property superior to the lien of a chattel mortgage thereon, duly recorded, before the delivery of such property to either of such persons for either of the purposes named; and the lien thereof preserved in the manner required by law. Upon this subject, with respect to the lien of the agistor, the authorities are in conflict. The weight of authority, however, appears to be that as the lien for agistment is purely statutory, no lien existing therefor at common law, the agistor's lien is limited to the right of the owner in the property delivered for feeding, herding, pasturing or keeping, at the time of such delivery.—*Sargeant v. Usher*, 55 N. H. 287; *Hanch v. Ripley*, 127 Ind. 151; *Reynolds v. Case*, 26 N. W. (Mich.) 838; *Ingalls v. Vance*, 18 Atl. (Vt.) 452; *McGhee v. Edwards*, 11 S. W. (Tenn.) 316; *Miller v. Anderson*, 47 N. W. (N. Dak.) 957; *Wright v. Sherman*, 52 N. W. (S. Dak.) 1093; *Sullivan v. Clifton*, 55 N. J. Law 324.

With respect to the lien for repairs on the wagon, we think it is sufficient to say that, under the averments of the answer, the defendant did not state facts from which it appeared that he was entitled to a lien, either under the statute or at common law, if, under the rules of the latter, a mechanic to whom an article of personal property has been delivered for repairs is entitled to a lien, for the reason that it does not appear from his answer that the wagon was delivered to him for that purpose.

On behalf of the defendant, it is urged that the judgment should not be disturbed because it appears from the averments of the complaint that the chattel mortgage is void and of no

force of effect. This contention is based upon the ground that the complaint does not show that the mortgage indebtedness, or rather, the lien thereof, had been extended by affidavits, as required by law. The complaint alleges that the lien of the chattel mortgage had been extended by filing with the proper county clerk sworn statements extending its lien, as by law required. If this statement in the complaint is defective, in not stating facts, it only goes to its sufficiency, which, as we have held many times, cannot be the basis for a motion for judgment on the pleadings. In other words, a motion for judgment on the pleadings cannot be converted into a general demurrer.—*Whitehead v. Johnson*, 51 Colo. 587; 119 Pac. 472. We think the court erred in rendering a judgment on the pleadings, and for this reason the judgment will be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.                  *Reversed and Remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.