## No. 9180.

### McPHAIL *v*. CITY AND COUNTY OF DENVER.

1. DEFAULT—*Vacating.—Discretion.* The courts of Nisi Prius have a wide discretion in relieving against defaults.

2. PROCESS—*Service of Summons,* against a municipal corporation, upon another than the officer appointed by law to receive it, will not support a default.

3. PRACTICE—*Waiver.* Error in vacating a judgment by default is waived by filing further pleadings, and proceeding to trial upon the merits.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Mr. DUNCAN McPHAIL, *pro se.*

Mr. JAMES A. MARSH, Mr. JACOB J. LIEBERMAN, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THIS was an action by the plaintiff below, plaintiff in error, against the City and County of Denver to recover the sum of $29.10 as damages alleged to have been sustained by the plaintiff by reason of the alleged negligence of the City for failure to provide necessary outlet drains beneath

an embankment construction against a natural water course, thereby causing the plaintiff's barn to be flooded and his property damaged in the said sum.

Judgment in the case was entered by default, and thereafter, upon application by the City, the said default judgment was vacated and set aside, apparently for the reason that service of summons was not made upon the officer designated in the charter of the said City and County.

The defendant thereafter filed its answer to the complaint, after which the plaintiff was permitted to amend his complaint, and filed his replication to the answer of the defendant.

The cause was tried to a jury, and verdict and judgment entered in favor of the defendant. The errors chiefly complained of are (a) the error of the court in vacating and setting aside the default, (b) the refusal of the court to give certain instructions tendered by the plaintiff.

It seems unnecessary to consider the alleged error in the matter of setting aside the default judgment. Courts have a wide discretion in this matter and it clearly appears that the service relied on by the plaintiff was upon an officer of the City and County, other than that required by the charter, viz: the mayor or acting mayor of the city. If the plaintiff desired to rely upon the alleged errors of the court in this respect, it was within his right to have the matter reviewed by this court, but he elected to file further pleadings in the case, and to proceed to the trial of the cause upon its merits, and thereby waived any right to have such alleged errors reviewed upon this hearing.

The natural right to a full and fair trial of every legal controversy upon its merits is so engrafted upon the public mind that there can be but little sympathy with an effort to set such trial aside and hinge the result upon a default judgment irregularly obtained, or of doubtful validity. Courts will not be astute to grasp the shadow of a technicality when the substance of right and justice is at hand.

The instructions given by the court seem to be complete and comprehensive and were without objection or exception.

We find no error in the refusal to give the instructions, or any one of them, tendered by the plaintiff.

The judgment is affirmed.

Hill, C. J., and Garrigues, J., concur.