## No. 10,148.

### PRATT *v.* CITY AND COUNTY OF DENVER, ET AL.

Decided July 3, 1922. Rehearing denied October 2, 1922.

Injunction to restrain the City of Denver from interfering with the construction of a garage. Judgment for defendants.

*Reversed.*

1. GARAGE—*Public.* A garage in which it is intended to rent rooms to individuals for the purpose of storing their automobiles therein, each tenant to be provided with an independent lock and key for his compartment, is not a public garage within the meaning of a city ordinance providing: A public garage is a building used in whole or in part for carrying on the business of repairing, or storing for hire, automobiles or other motor vehicles.

2. MUNICIPAL CORPORATIONS—*Building Permits—Revocation.* Where a person obtained a building permit from a city, it could not, in the absence of good cause shown, revoke the permit after he had incurred considerable expense for labor and materials necessary for the construction of the building.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. JOHN R. SMITH, Mr. F. E. GREGG, for plaintiff in error.

Mr. JAMES A. MARSH, Mr. JACOB J. LIEBERMAN, for defendants in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for an injunction to restrain the City and County of Denver, its officers and employes, from preventing or interfering with plaintiff's construction of a garage building. Judgment for defendants, and plaintiff brings the cause here for review.

On May 18, 1921, the plaintiff obtained from the building inspector a permit to build the proposed building. The construction was not authorized by the city council, but this fact is material only in the event it is held that the proposed building is a public garage within the meaning of the ordinance hereinafter mentioned. If it is, as the city claims, such a public garage, the judgment below must be affirmed, since, while it was based on other grounds, nevertheless reached the correct result.

Ordinance No. 121 of the series of 1919, provides, so far as material in this connection, as follows:

"It shall be unlawful to erect  *  *  *  any building * * * for use as a public garage * * *, within the city and county of Denver * * *; and no permit shall issue for the erection  *  *  *  of any building  *  *  * for the use as a public garage,  *  *  *  until and unless such building  *  *  *  shall have been previously authorized by resolution of the council of the city and county of Denver."

The proposed building is one 40 by 100 feet in width and length respectively, and about ten feet high. It is to be subdivided into twenty-four separate rooms or compartments. It is intended by the owner or his lessees to let each room to individuals for the purpose of storing an automobile therein, the tenant of each room to keep his machine under his own control and be provided with an independent lock and key to the compartment. Is the building, then, a public garage? The popular acceptation of the term "public garage" cannot be resorted to, for the reason that the definition given by the ordinance itself is, as it must be, controlling in this case. In this respect, the ordinance reads as follows:

"For the purpose of this ordinance a public garage is defined as any building or place used in whole or in part for carrying on the business of repairing or storing for hire of automobiles,  *  *  *  or other motor vehicles."

It is seen from this definition that the mere use of a building for storing automobiles does not make the build-

ing a public garage. To be a public garage it must be "used * * * for carrying on the business of * * * storing for hire of automobiles." If an owner allows the tenant of his building to store an automobile therein, the former is not "carrying on the business of storing for hire of automobiles," but is merely renting his building to be used as a private garage.

"A garage has been likened to a livery stable, for which it has become a substitute to a great extent, and the rules of law governing livery-stable keepers apply to garage keepers." 2 R. C. L. 1210.

In *Congregation Beth Israel v. O'Connell*, 187 Mass. 236, 72 N. E. 1011, the plaintiff, a religious corporation, sought to restrain the defendants from erecting a stable within two hundred feet of its church building. It was claimed that the stable came within the definition of a statute which read, in part, as follows:

"No person shall * * * occupy or use a building for a livery stable or a stable for taking or keeping horses and carriages for hire or to let."

The court held that the statute does not apply to a stable which is let out in specified parts to tenants who take care of their own horses. That case shows that there is a difference between keeping or taking horses for hire and renting a stall wherein the tenant may take care of his horse. So there is a difference between storing automobiles for hire and renting compartments wherein the tenants may store their automobiles. In the former case the party acting would become a bailee, with the obligations of a bailee, and in the latter case he would be a landlord, and not responsible, as a bailee, for the safety of the automobile.

Under the admitted facts in the instant case the building in question is not a public garage, within the meaning of the ordinance, and the city is in no position to rely upon the ordinance as a justification for preventing the plaintiff from proceeding to construct the proposed building.

The trial court decided that the permit which plaintiff had received had been subsequently legally and effectively revoked, and on that ground denied the relief sought and rendered judgment for defendants.

In about a week after the permit was issued by the building inspector, this official attempted to revoke the permit by sending to plaintiff's agent a communication which contained the following language:

"I will revoke the permit until such time as the neighborhood can be satisfied as to the character of the building you are erecting there."

There is evidence that plaintiff, acting in reliance on the permit, incurred considerable expenditure for work, labor and material necessary for the construction of the building, prior to the time of the attempted revocation of the permit. Under these circumstances it must be held that the city is estopped to claim that the permit has been revoked. This is but applying a well settled principle many times recognized in this state in cases involving irrigation works. The rule is stated in 25 Cyc. 646, as follows:

"In a number of states, when the licensee has acted under the authority conferred and has incurred expense in the execution of it, by making valuable improvements or otherwise, equity regards it as an executed contract and will not permit it to be revoked, regarding it substantially as an easement, the revocation of which would be a fraud on the licensee."

The doctrine has not been, and need not be, confined to easements. Thus in *Town of Spencer v. Andrew*, 82 Iowa 14, 47 N. W. 1007, 12 L. R. A. 115, it was applied so as to estop a city from revoking a permit to erect scales, where the licensee had gone to some expense in making preparations to erect the scales. In *City of Buffalo v. Chadeayne*, 7 N. Y. Supp. 501, it was held that a city council's rescission of a permit to construct a building is void where the builder has acted on the permit and made prepa-

rations for the construction.   To the same effect is *City of Barre v. Perry,* 82'Vt. 301, 73 Atl. 574; and *City of Lowell v. Archambault,* 189 Mass. 70, 75 N. E. 65, 1 L. R. A. (N. S.) 458.

An ordinance of the city provides for the revocation of a building permit under certain circumstances, but the necessary circumstances or causes have not been shown to exist, and it is not claimed that they do.   Neither is any good cause shown for the revocation of the permit.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Mr. Justice Burke dissents.

Mr. Chief Justice Scott and Mr. Justice Campbell not participating.