## No. 11,236.

### WILLIAMS, BUILDING INSPECTOR *v*. SMITH.

Decided June 22, 1925. Rehearing denied July 11, 1925.

Action in mandamus to compel the issuance of a building permit for a public garage. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. MUNICIPAL CORPORATIONS—*Building Permits.* The question of whether the construction of a public garage will be dangerous to the public health and safety is for the city council, and having determined it they cannot afterwards revoke their decision on the same evidence to the detriment of the licensee who has substantially altered his position in reliance thereon.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. HENRY E. MAY, Mr. FRANK L. HAYS, for plaintiff in error.

Mr. JOHN F. MAIL, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

SMITH brought mandamus against the building inspector, Williams, to compel him to issue a permit for a public garage. She obtained a judgment; the case was brought here and reversed, 76 Colo. 151, 230 Pac. 395. The ground of reversal was that an issue of fact, that is, whether plaintiff had expended money on the faith of a permit which had been afterwards revoked, was still undetermined. That issue has now been tried and determined in favor of the plaintiff, and the building inspector brings the case here again. His principal point is that we were wrong in the former opinion in saying that the question of public health and safety was forestalled by the action of the council in granting the leave to build, under *Pratt v. Denver*, 72 Colo. 51, 209 Pac. 508. He argues that the city may and it is its duty to suppress everything dangerous to public health and safety, and that no permit can be granted for such a thing. The proposition is undoubtedly right but the question of danger or not is for the council, and they, having determined it, cannot afterwards revoke their decision, on the same evidence, to the detriment of the licensee who has substantially altered his position in reliance on it.

The supersedeas is denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.