AVERCH v. CITY AND COUNTY OF DENVER, ET AL.

Decided October 26, 1925.   Rehearing denied November 23, 1925.

Action to enjoin interference with building operations. Judgment for defendant.

*Affirmed.*

1.  MUNICIPAL CORPORATIONS—*Building Permits—Authorization.* The ordinances of the City and County of Denver require an authorization by the city council before a permit for the erection of a building such as the one in question may issue.

2.  *Building Permits—Custom—Estoppel.* In an action to restrain a city from interfering with the erection of a packing house under a permit issued by the building inspector, on the ground that it was estopped from interfering because customarily allowing the inspector to issue permits for such buildings without special authorization, the contention is overruled, it not appearing that plaintiff had knowledge of such a custom.

3.  INJUNCTION—*Municipal Corporations—Ordinances.* No writ of injunction may issue to restrain the passage of penal ordinances or the enforcement thereof.

4.  NUISANCE—*Mandamus—Injunction.* One cannot have mandamus or mandatory injunction to permit him to maintain a nuisance.

*On Rehearing.*

5.  MUNICIPAL CORPORATIONS—*Denver—Powers.* The City and County of Denver has full authority to provide for the public health and safety of the city by ordinance.

6.  *Building and Zoning Ordinances—Constitutionality.* Section 207, article 22 of the Denver Municipal Code, concerning buildings, held constitutional, not special legislation, and not in violation of the fourteenth constitutional amendment.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. WILBUR F. DENIOUS, Mr. HUDSON MOORE, for plaintiff in error.

Mr. HENRY E. MAY, Mr. THOMAS H. GIBSON, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

AVERCH brought suit against the city of Denver and members of the council, the mayor and building inspector, praying an injunction to restrain them from prosecuting him for violating the building ordinance by the erection of a packing house, and, in the alternative, a mandamus or other process to compel a permit for such erection. He was defeated and brings error.

The judgment must be affirmed. His claim is that a permit was issued to him by the building inspector, pursuant to which he expended a large sum in and about the erection of a building, and, under *Williams v. Smith*, 76 Colo. 151, 230 Pac. 395, he claims that this permit cannot be revoked. It appears, however, that no valid permit was issued. The ordinance requires an authorization by the city council, but the building inspector issued this permit, such as it was, on his own responsibility without authority. The claim is that the city was estopped, because it customarily permitted the building inspector to issue permits in that way, but it was not shown that Averch had any knowledge of such custom, therefore his proof of estoppel fails.

It is claimed that section 207 of the building code under which the prosecutions of the plaintiff were proceeding is unconstitutional. But it appears, and the court based its decision thereon, that the packing plant in question is so situated as to be a nuisance such as the court would enjoin even if a permit had been issued. What equity, then, has the plaintiff even though the section 207 be un-

constitutional? He cannot have an injunction against prosecuting him because that is forbidden by section 160 of the code of 1921, and he cannot have mandamus or mandatory injunction to permit him to maintain a nuisance.

Judgment affirmed.

MR. JUSTICE SHEAFOR not participating.

*On Rehearing.*

MR. JUSTICE DENISON.

The plaintiff in error on motion for rehearing strongly argues that we must decide the constitutional question whether section 207 of article 22 of the municipal code is void, because if it is void the permit issued by the building inspector would be valid. This he had, and under *Williams v. Smith,* 76 Colo. 151, 230 Pac. 395 and *Pratt v. Denver,* 72 Colo. 51, 54, 209 Pac. 508, it could not be revoked because he had incurred expense on the faith of it. There are some reasons which lead us to think this argument is not conclusive in this case, but be that as it may, the ordinance is constitutional.

The grounds of the claim of unconstitutionality are: First, it is a zoning ordinance without constitutional authority; second, it is special legislation under article V, section 25, of the Colorado Constitution; third, it violates the Fourteenth Amendment of the United States Constitution; it violates section 3, section 15, and section 25 of the Colorado Bill of Rights.

First. The question is not whether it is a zoning ordinance, but whether its terms or any of them violate any constitutional provision, or are without constitutional authority. The city and the council have full authority to provide for public health and safety (Const. art. XX, sec. 6), and we know of no constitutional provision which this violates.

Second.   The ordinance is not special legislation, be-
cause it affects alike all of a class upon a reasonable clas-
sification.   *Rifle Potato Growers v. Smith,* 78 Colo. 171, 240
Pac. 937.

Third.   It does not violate the Fourteenth Amend-
ment, because it does not deprive anyone of property.   It
is true that if the ordinance permitted the council arbi-
trarily to grant or refuse a permit, to that extent it would
be void, but it does not; it provides that the granting of
an application will not be approved by the council wher-
ever it appears that the granting of the same is or may
be detrimental to public health or safety, or detrimental
to the welfare and growth of the city.   It is conclusively
implied here that it will be granted wherever it appears
otherwise; and, in the first instance, the council determines
whether it will or not (*Williams v. Smith, supra, Willison
v. Cooke,* 54 Colo. 320, 130 Pac. 828, 44 L. R. A. [N. S.]
1030), subject to review by the court.

Counsel says that the above-quoted provision "furnishes
no rule or specified conditions to which all persons sim-
ilarly situated might knowingly conform."   We think it
does furnish such rule, a rule to which all citizens must
conform even if there were no ordinance, that is the rule
of health and safety to the public.

The remaining constitutional questions are answered by
what is said above.   It follows that the plaintiff in error
had no valid permit, and is, therefore, in no position
to urge the prayer of his bill.   On other points we adhere
to our former opinion and think it unnecessary to speak
of points not therein or here mentioned.

Motion for rehearing denied.