No. 11,851.

THOMPSON *v.* McGREGOR.

Decided June 20, 1927. Rehearing denied July 5, 1927.

Action for damages growing out of an automobile collision. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. PLEADING—*Defective.* The objections of ambiguity and uncertainty in a pleading may be taken by motion or demurrer at the proper time, but they are not grounds of a motion for judgment on the pleadings.

2. *Defects—Waiver.* The objections of ambiguity and uncertainty in a pleading are waived if the party raising them goes to trial on the merits without objection to such defects if they existed.

3. APPEAL AND ERROR—*Instructions.* Assignments of error based on instructions to which no objection was made in the trial court, not considered on review.

4. *Instructions.* There is no error in the refusal of the trial court to give requested instructions on matters which are covered by instructions given by the court.

5. DAMAGES—*Verdict.* In a damage case growing out of an automobile accident, jury held not actuated by passion or prejudice in returning a verdict for less than the repair bill on plaintiff's car.

6. APPELLATE PRACTICE—*Record—Folio Numbers.* Parties bringing cases to the Supreme Court should see that folio numbers on the record follow each other in numerical order.

*Error to the District Court of Montrose County, Hon. George W. Bruce, Judge.*

Messrs. CATLIN & CATLIN, Messrs. BRYANT & BELL, for plaintiff in error,

Mr. L. C. KINIKIN, for defendant in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ACTION by McGregor, plaintiff below, against two defendants, Thompson, the plaintiff in error, and one Robert Bryant, for damages caused by alleged reckless and negligent driving of an automobile. The case was tried to a jury. When plaintiff rested, defendants' counsel moved for dismissal against Bryant, for lack of sufficient proof. The motion was granted, to which plaintiff did not object. The case against Thompson thereupon proceeded, and resulted in a verdict and final judgment against him in plaintiff's favor. Thompson assigns error and asks for a supersedeas. The parties are referred to in accordance with their alignment in the trial court—McGregor as plaintiff and Thompson and Bryant as defendants.

The case in this court is solely between Thompson and McGregor. Bryant is not a party to the writ of error.

The substance of plaintiff's complaint in so far as it affected defendant Thompson was that on May 28, 1926, plaintiff was driving his automobile on the public highway in Ouray county, Colorado, in a lawful manner and on the right side of the road; that defendant was also driving on said highway, and was under the influence of intoxicating liquor, and that the defendant "*    *    *    *    upon meeting plaintiff on the public highway aforesaid, did so carelessly and negligently drive and operate said automobile as to swerve the same to the left side of said highway, and with said automobile struck, collided with and wrecked the automobile of plaintiff, to his damage," etc. The charge against Bryant, of which he was exonerated, was that of "advising, assisting and directing said defendant Thompson," in his alleged negligent driving.

Bryant filed a separate answer denying plaintiff's allegations. Thompson filed a separate answer and cross-complaint, in which he denied plaintiff's charges and alleged that plaintiff himself was negligent, by reason of which defendant Thompson claimed damages. Replications were filed to both answers.

Both defendants were represented by the same counsel. They moved jointly for judgment on the pleadings, based upon an alleged admission in plaintiff's replication to Thompson's separate answer. This motion was made ore tenus, on the day of the trial, after the case was called. The witnesses and jurors had been summoned and were present, but the jury had not been selected. The court overruled defendant's motion for judgment on the pleadings, to which they excepted, but proceeded to trial without further objections. About twenty-three witnesses testified, resulting in the verdict and judgment as stated.

1. The first alleged error to be discussed relates to the overruling of above motion for judgment on the pleadings. The trial court was right. Counsel for defendants claimed that plaintiff had "admitted himself out of court" in the replication above mentioned, but we do not so view it. The argument is upon technical grounds, wholly unnecessary to dwell upon here. It is enough to say that the only objection if any to the replication would be for ambiguity or uncertainty. Such objections may be taken by motion or demurrer at the proper time, but they are not grounds of motion for judgment on the pleadings. *Mills v. Hart,* 24 Colo. 505, 509, 52 Pac. 680, 65 Am. St. Rep. 241; *Williams v. Rocky Mt. Fuel Co.,* 55 Colo. 133, 137, 133 Pac. 742; *Richards v. Stewart,* 53 Colo. 205, 207, 209, 124 Pac. 740; *Roher v. Ross,* 53 Colo. 328, 331, 125 Pac. 489, Ann. Cas. 1914B, 315; *Harris v. Harris,* 9 Colo. App. 211, 216, 47 Pac. 841. "There can be no judgment on pleadings in which is imbedded an issue of fact. Such issue must be tried." *Williams v. Smith,* 76 Colo. 151, 153, 230 Pac. 395.

2. Defendants waived the ambiguity and uncertainty, if any, by going to trial on the merits without objection to such defects, if they existed. 21 R. C. L. § 158, p. 618, and many U. S. Supreme Court, Colorado and other cases, cited in the note. "To wait until witnesses have been subpoenaed and the cause reached for trial before raising such objection would be to entail a needless expense upon litigants as well as to subject to unnecessary ·annoyance the court, witnesses and jurors." *Orman v. Mannix,* 17 Colo. 564, 568, 30 Pac. 1037. In a later case, *Paulson v. Bergman,* 62 Colo. 93, 160 Pac. 189, no replication was filed. In the case last mentioned, at the close of plaintiff's testimony, a motion for judgment on the pleadings was filed, but was refused. In our opinion in the Paulson case, *Orman v. Mannix, supra,* was quoted with approval. We again approve. In the instant case, the replication had been on file at least four and one-half months before the day of the trial.

3. Instruction No. 10 was in the language of C. L. § 1272 (e) relating to dimmers, and to turning off search, spot, or other bright lights, and not turning them on until after the approaching vehicle has passed. It was given and not objected to. Other instructions stated the conditions under which plaintiff might or might not recover, including the subject of contributory negligence. This also was not objected to. Defendant asked for another instruction about turning off lights, but we think it was covered by No. 10 and the other instructions, sufficient to fully apprise the jury of the law of the case.

4. Counsel for defendant Thompson argue that the jury was actuated by passion and prejudice, but if this be true, such feeling was not betrayed in a verdict that found the issues for plaintiff, but fixed his damages against defendant in a sum which was less than the amount of plaintiff's repair bill. The judgment as finally entered was correct. It is now in the sum that the parties agree plaintiff is entitled to recover, if at all.

5. Parties bringing cases here should see that folio numbers follow each other in numerical order. They were disarranged in the transcript.

We find no reversible error and the judgment is accordingly affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.