## No. 12,297.

BURSON *v.* ADAMSON ET AL.

(288 Pac. 623)

Decided May 26, 1930.

Mr. CARL CLINE, Mr. BRYAN L. WHITEHEAD, for plaintiff in error.

Mr. HUDSON MOORE, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN his complaint the plaintiff Burson designates his action as one to recover damages for losses by him sustained as the result of the fraud, deceit and conversion of his property by the defendants. The original complaint contains three separate causes of action for the one wrong. The gist of plaintiff's grievance is that the defendant Adamson, then president of the Metropolitan State Bank of Denver, and the defendant Groff, who in some way was interested in the bank, in which plaintiff was a depositor, having gained the confidence of the plaintiff represented to him that large profits were being made by the bank and its clients and customers through its large chattel loan business, and that, by reason of their official connection with the bank, defendants had superior knowledge of the credit standing and financial worth of loan applicants, and were in a position to pay a higher interest rate on loans to the defendants and to secure fully the repayment of such loans. Plaintiff having such confidence in the defendants and believing their representations to be true, from October, 1924, to July, 1925, lent to the defendants individual sums of money aggregating $13,500, for which the defendants gave to the plaintiff their joint promissory notes aggregating the amount of such loans, part of the notes being payable on demand and the remainder two years after date of execution with interest at the rate of 10 per cent per annum. As a part of the agreement and understanding between the parties, defendants, at the time of the

making of such loans, gave to the plaintiff certain other notes as collateral security for the payment of their own notes and in amounts aggregating double the sum of the defendants' notes to the plaintiff. That at each of the different times that the plaintiff made loans to the defendants, and at each of the times that such collateral security was given to him for his loans to the individual defendants, they made the following false and fraudulent representations to him, namely, that they, the defendants, were personally acquainted with the maker or makers of each of the collateral notes and knew that each and all of them were financially responsible, and that these makers were worth vastly more than the amount of the collateral notes which were secured by chattel mortgages accompanying the notes, and that defendants were investing and loaning their own money upon the same loans as they were investing the money advanced by the plaintiff to the defendants. A further averment is that plaintiff relied upon these false representations of the defendants and made the loans upon the faith of such collateral security only and believing such representations to be true, when, in fact, they were false, and that he entrusted the selection of the collateral to the defendants by reason of the fact that defendants had secured his implicit confidence. The further allegation is made that defendants knew these representations were false when made to plaintiff and were made to induce him to make these loans without any further security except the collateral security which they themselves selected.

Plaintiff further alleges that the defendants' notes to him aggregating $13,500 are due and unpaid and defendants have neglected and refused to pay the same or any part thereof, and that the collateral notes are also due and unpaid; that the makers of such collateral notes, at the time of making the same, were, and now are, hopelessly insolvent and the collateral notes are unsecured by chattel mortgage or otherwise. The complaint further

charges that by reason of the defendants' false and fraudulent representations he has suffered damages in the sum of $13,500 with interest thereon from the time he made the loans to defendants. He further charges that the defendants made the representations willfully, wantonly and in reckless disregard of his rights and were guilty of fraud, malice and willful deceit. He therefore asks judgment against the defendants in the sum of $13,-500 actual damages, together with interest; for $5,000 exemplary damages and for a body execution.

The foregoing facts are set forth in what the plaintiff denominates his first cause of action. The complaint contains a second cause of action which, so far as we can discover from a careful reading of it, is, in substance, the same both in allegation and legal effect, as the first cause of action, and the same kind of judgment is prayed.

For a third cause of action plaintiff alleges the transactions set forth in the two preceding causes about his loans to the defendants and the collateral notes for the amount of the loans. The plaintiff then proceeds to state that these collateral notes were placed in the plaintiff's safety deposit box in the bank and thereafter the defendants, without his knowledge or consent, without right or authority, took these collateral notes from the deposit box and converted part of them to their own use. After learning of such abstraction and conversion the plaintiff demanded from the defendants the return of the notes so abstracted, or the value of the same amounting to $11,000, which the defendants refused to return or pay the value thereof. That by reason of such abstraction and conversion of the collateral notes the plaintiff has been damaged in the sum of $11,000, and that the defendants, in so wrongfully abstracting and converting the notes to their own use, were guilty of fraud, malice and willful deceit and were actuated by a wanton and reckless disregard of his rights. Judgment is asked under the third cause of action for $16,000, for body execution and for costs.

To this complaint the defendant Adamson filed a motion to have the complaint made more specific and certain and for a bill of particulars. Whether Groff was served with summons or appeared in the action, the record is silent. This motion asked, among other things, that copies of the separate notes aggregating $13,500, which the complaint alleges were given by the defendants to the plaintiff, be set out in the complaint with the dates of each of the notes, date of maturity and the particular amount of each. Demand was also made that copies of the collateral notes referred to in the complaint be furnished or, in lieu thereof, the maker or makers thereof, together with the dates and amount of the notes, to whom they were payable, and by whom, if any one, endorsed. Similar request was made for furnishing in a bill of particulars copies of the notes and dates and makers, etc., as set forth in the second cause of action.

At the same time the defendant Adamson filed a motion requiring the plaintiff to elect whether he will further proceed upon the first cause of action or the second cause, on the ground that the two alleged causes are one and the same and constitute a double pleading. The court granted all three of these motions. The plaintiff was given leave to amend his complaint, if he desired to do so, within a specified time. The plaintiff asserts he complied with the order and filed his bill of particulars and assumed to make his complaint a more definite assertion. The plaintiff also made his election and filed the same in the court, which election was to proceed upon the first cause of action in the complaint. Thereafter the defendant filed a motion to strike from the files the plaintiff's bill of particulars and to dismiss the complaint upon the grounds that the plaintiff failed to set out the copies of the notes alleged to have been executed by the defendant and payable to the plaintiff and has not ascribed any valid reason for his failure or inability to do so, and upon the further ground that the plaintiff has failed to give the information required, which the court by its order

directed him to furnish as to the alleged collateral notes, or any of them. A further ground of the motion was that the bill of particulars was a sham pleading and in no sense made by the plaintiff in good faith to comply with the previous order of the court. Thereafter the plaintiff filed an amended complaint as to all three causes of action, and in this amended complaint set forth two additional alleged causes of action, namely, the fourth and fifth. This amended complaint the defendant moved to strike upon several grounds: First, that no leave to amend further, as was done in this amended complaint, was applied for or granted by the court, for which reason alone the amended complaint should be stricken from the files; second, that the amended complaint is a sham pleading and in no sense complies with the previous order of the court to make more specific, and upon the further ground that the alleged amendment in the form of a bill of particulars was stated in such a confused and jumbled manner as to be ambiguous, unintelligible and uncertain; and upon the further ground that the amended complaint is a mere repetition of the original and does not attempt in any way to supply the defendant with the information already ordered and directed by the court. The court took this motion under advisement for several days and then on its own motion ordered that the action be, and the same was, dismissed without prejudice.

Plaintiff's assignments here are: (1) Error in requiring plaintiff to elect between the first and second causes of action; (2) error in sustaining the motion to make more specific and for bill of particulars; (3) error in striking the plaintiff's bill of particulars; (4) error in striking the amended complaint. These in their order.

█ █ We are at a loss to conceive why counsel devote so much time and space to the first assignment. Plaintiff was ordered to elect whether he would proceed under the first or second cause of action. He complied with the order and made his election, which was to proceed under the first cause. This was a waiver of the ad-

verse ruling on the motion to elect. Plaintiff may not now be heard to say, as he assumes to do, that it was an improper order for the court to make because plaintiff could not know until all the evidence was in just what it might be, and therefore it was permissible for him to make duplicate statements of the same cause of action. It is too late now to urge that point. Aside from this, however, we have carefully read these two alleged separate causes of action, the first and the second, and we find that they are in substance the same, the latter being merely in some respects an enlarged or extended statement of the other. Even if the question was squarely before us now for decision we could not interfere with the ruling of the trial court because the first and second causes of action are substantially the same in every particular and there was no necessity to plead the same facts in two alleged causes of action.

██ Neither is there merit in the second assignment. The ruling on the motion to make more specific and for a bill of particulars, though objected to, was complied with by the plaintiff, and error, if any, in the requirement was thus waived. The law applicable under this assignment is akin to that relating to objections to pleadings. All objections to rulings on motions or demurrers attacking a complaint, except as to jurisdiction and want of facts, are waived by answering over. *Hayden v. Patterson,* 39 Colo. 15, 17, 88 Pac. 437; *County Comm'rs v. City,* 66 Colo. 111, 119, 180 Pac. 301; *McPhail v. City of Denver,* 65 Colo. 578, 177 Pac. 960; *Mayhew v. Glazier,* 68 Colo. 350, 352, 189 Pac. 843.

Many other cases to the same effect might be cited. There is a large collection of them to be found in 3 C. J., p. 668, §539. The author, after stating the foregoing rule, says that it had also been applied where a defendant answers over after sustaining of plaintiff's demurrer to a plea in abatement; after the overruling of a motion to strike out all or a part of an adverse pleading; to separate causes of action, to elect, based upon misjoinder of

causes of action, and in other like cases. This is the prevailing rule in the courts of this country. In this connection we desire to refer with disapproval to inadvertent statements in the opinions in two of our recent cases: *Williams v. Smith*, 76 Colo. 151, 230 Pac. 395; *Erisman v. McCarty*, 77 Colo. 289, 236 Pac. 777. In the Williams case it was said on page 152 of the opinion that a demurrer to a complaint on the ground that the facts therein stated are insufficient to constitute a cause of action is waived by answering over. In the Erisman case the opinion, at page 291, says: "The sufficiency of the complaint was attacked by demurrer which was overruled. We do not find that any further objection was made, and therefore the error, if any, was waived. *Williams v. Smith*, 76 Colo. 151." In the next sentence it was said: "Since, however, the case is reversed on other grounds, we notice the defects in the complaint." The transcript of the record in the Williams case shows that the ground of the demurrer to which the opinion refers, was for insufficient facts to constitute a cause of action. We also avail ourselves of this opportunity to say that the note at the bottom of page 153 in the Williams case, is not an accurate or full statement. Whatever the abstract may disclose, the transcript of the record itself shows that one ground of the demurrer was for insufficient facts. In *Irrigation District v. Ranch Co.*, 78 Colo. 543, 243 Pac. 635, we said: "As to the demurrer to the complaint all the grounds were waived by answering over, except that of insufficient facts." In so far as the first two of these cases announce the doctrine that error, if any, in overruling a demurrer to a complaint upon the ground of insufficient facts to constitute a cause of action is waived by answering over, they are not only contrary to many of our previous decisions and the decisions of other courts generally, but are fundamentally wrong. And we take this early opportunity expressly to overrule them. Indeed, in the third, or Ranch Company case, speaking by the same judge who wrote the opinions in

the other two, we said that the objection to a complaint that it does not state sufficient facts to constitute a cause of action, is not waived by answering over. This statement, however, is not full or complete. The objection of want of jurisdiction of the parties or of the subject matter is not, in such circumstances, waived by answering over.

The same may be said as to the alleged error in striking plaintiff's bill of particulars. It is not important here whether or not there was error in this order. In any event the plaintiff in filing an amended complaint, which supersedes all prior pleadings, waived error, if any, on the part of the court in striking the bill of particulars and the amendment in question.

The last error upon the list is said to be that the court was wrong in striking from the files the amended complaint itself and in dismissing the action. Neither at the time the court struck from the files plaintiff's bill of particulars, nor at any other time, was any request made by the plaintiff to file another pleading or complaint and no permission to do so was granted by the court. But the plaintiff, without any permission from the court or without any right to do so, filed a further pleading which he calls an amended complaint. It should be borne in mind that this was the third attempt upon the part of the plaintiff to file a proper pleading in the cause even without asking or obtaining permission to do so as to the last pleading filed. The defendant filed a motion to strike the amended complaint upon the ground that the amendment was not only sham and untrue but did not comply with the court's previous order upon the plaintiff to furnish more detailed information with reference to the collateral security. We think it was quite within the wise discretion of the trial court, even if permission had been asked to file an amended complaint, not to permit the same. In view of plaintiff's previous attempts to make his complaint unobjectionable and his failure to cure the alleged defects, which he was afforded

an opportunity to do, considered in connection with the fact that the amended complaint was filed without any request upon the part of the plaintiff, and which contained also two additional new causes of action, and in the absence of an order of the court to permit the same, we cannot say that the final action of the court was improper. After giving this record an attentive consideration, we are the more inclined to an affirmance of the judgment because the dismissal of the action was without prejudice. The plaintiff's failure to comply with the letter and spirit of the court's various orders permitting the several amendments and corrections of the complaint showed a purpose on the part of the trial court to give to the plaintiff every reasonable opportunity to perfect his pleading, but the plaintiff, either willfully or through misconception of what is good pleading, neglected to avail himself of the opportunities offered to him by the court to state a good cause of action.

Aside from this, assuming that the dates of the transactions as set forth in the plaintiff's pleadings in this action are the true dates, the plaintiff still has the opportunity, if he desires to avail himself of his right, of instituting within the period of the statute of limitations, another action in which he should be by that time sufficiently advised how to state his cause of action.

Judgment affirmed.