Zottoli, J.
This is an action of contract in which the plaintiffs seek to recover the sum of five hundred dollars which they allege was deposited under the terms of a real estate agreement which they allege the defendants failed to keep.
The answer in substance is a general denial and the Statute of Frauds.
The facts material to the issue reported do not appear to be in dispute. It appears from the report that on July 9, 1945 the plaintiffs and the defendants entered into a written agreement, whereby among other matters not now material the defendants agreed to sell and the plaintiffs agreed to purchase, for an agreed price, a certain estate situated in Boston, Massachusetts. At the time of making said agree *324 ment the plaintiffs paid to the defendants the sum of five hundred dollars as a deposit on the purchase price. It is not necessary to set out all the terms of said agreement. Suffice to state that it fixed a time for passing papers and contained mutually concurrent conditions to be kept and performed by the parties at that time.
The court finds that “the plaintiffs admitted at the time of trial that at the time fixed for the passing of papers or such extension thereof as was agreed upon, the plaintiffs did not have the necessary funds to go through with the deal, nor did they appear at the Registry of Deeds where papers were to be passed.”
It appears from the report that the agreement among others not now material contained.the following clauses:
“Full possession of said premises, free of all tenants, is to be delivered to the party of the second part (the plaintiffs) at the time of the delivery of the deed, the said premises to be then in the same condition in which they now are, reasonable use and wear of the buildings thereon and damage by fire or other unavoidable casualty excepted.
“If the party of the first part (the defendants) shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by the party of the second part (the plaintiffs) shall be deemed to be a full performance and discharge thereof. ’ ’
It further appears from the report that there was evidence warranting findings that at the time the agreement was signed “the defendants . . . were operating a lodging house and had about thirteen or fourteen roomers or lodgers” in the building on the locus in question; that “at the time finally fixed for the deed to be given to the said property to the plaintiffs by the defendants, the defendants *325 admittedly were still conducting a lodging house” in said building; that there were there at the time approximately the same number of lodgers or roomers as were in the house at the time that the agreement was entered into ’ ’; that these lodgers were the “means of making a livelihood” of one of the defendants; ‘ ‘ that she was not going to get these lodgers out until after the papers were passed”; and that “at the time fixed for passing of papers” the defendants were at the Registry “ready to give to the plaintiffs a quitclaim deed to the property herein referred to.”
The report further states that “it was agreed that at the time of the entering into the written contract of purchase the plaintiffs intended to so alter and renovate the property so as to make apartments out of it. ’ ’
At the close of the trial the plaintiffs duly filed numerous requests for rulings, all but three of which have become immaterial and need not be set out.
The plaintiffs claim to be aggrieved by the court’s refusal of their requests for rulings Nos. 12,13 and 14. It is to the court’s treatment of these requests that we give our consideration.
The plaintiffs’ twelfth request reads as follows: 12.
Under the terms of the agreement of July 9, 1945, the defendants were obliged to deliver full possession of the property in question to the plaintiffs free of all tenants. It appears that the court granted this request, and in doing so found “that there were no tenants in the premises on the date set for the transfer of title except lodgers who could have been removed as soon as the title passed.” It is obvious that the court did not refuse this request but in fact granted it.
It is well settled that one cannot complain of requests granted at his request. Deyrmanjian v. Palais, 311 Mass. 553, 555.
*326 TMs brings us to a consideration of the court’s denial of the plaintiffs’ 13th and 14th requests. The plaintiffs’ contention seems to be that the court should have ruled that the word “tenant” should have been construed to include “lodgers”, and therefore the defendants could not be found to be ready or willing to give title “free of all tenants” as required by the agreement.
It is well settled that a purchaser who wishes to reclaim his deposit must show that he was willing and able to do his part as agreed, or was excused from so doing by the other party. Lowe v. Harwood, 139 Mass. 133. Pead v. Trull, 173 Mass. 450. Foternick v. Watson, 184 Mass. 187, 194. Cave v. Osborne, 193 Mass. 482. Smith v. Greene, 197 Mass. 16, 18.
It is also well settled that where as here the agreement between the parties calls for concurrent action, conditioned on each side on performance by the other, where actions upon such covenants are brought, the plaintiff must show performance on his part or readiness to perform and a refusal by the other. In other words he must show the defendant was in default and that he, the plaintiff, was not. Hapgood v. Shaw, 105 Mass. 276, 279, 280. Dresel v. Jordan, 104 Mass. 407, 414. Carpenter v. Holcomb, 105 Mass. 280. Pead v. Trull, 173 Mass. 450. We infer the plaintiffs’ contention to be that they were not required to offer performance on their part because such an offer in view of their contention that the word “tenant” includes “lodgers” would be a vain act as it is conceded that lodgers were in the premises at the time fixed for passing papers.
It becomes apparent therefore that the crucial question presented for determination is whether the court erred in concluding that the word “tenant” when used, as in this case, does not apply to “lodgers”.
The principal distinction between the relation of lodging-house keeper and lodger and landlord and tenant is that the *327 “tenant” acquires an interest in the realty and has the exclusive possession of the leased premises, whereas the “lodger” acquires no estate and has merely the use without the actual or exclusive possession. White v. Maynard, 111 Mass. 250, 253. Coggins v. Gregorio, 97 Fed. 2d, 948, 951. Howe v. Hunking, 135 Mass. 380, 383. Johnson v. Wilkinson, 139 Mass. 3, 4. Montuori v. Bailen, 290 Mass. 72, 75. Baseball Publishing Co. v. Bruton, 302 Mass. 54, 55.
It has been held and affirmed in a variety of cases in this Commonwealth that a mere lodger or licensee in the house of another is not a “tenant” or an “occupier” of the house. White v. Maynard, 111 Mass. 250 supra. Day v. Lawrence, 167 Mass. 371, 374. Congregation Beth Israel v. O’Connell, 187 Mass. 236, 238. Roberts v. Lynn Ice Co., 187 Mass. 402, 406. Peaks v. Cobb, 197 Mass. 554, 555. Jones v. Donnelly, 221 Mass. 213, 217. Grasselli Dyestuff Corp. v. John Campbell & Co., 259 Mass. 103,107. Tips et al. v. United States, 70 Fed. 2d, 525, 527. Coggin v. Gregorio, 97 Fed. 2d 948, 951.
The status of a lodger or licensee may be terminated at any time by the owner or licensor. The death of either party will of itself revoke it. So too, would a transfer or alienation of the interest of the licensor or licensee in the subject matter of the license. Ruggles v. Lesure, 24 Pick. 187, 190. Owen v. Field, 12 Allen, 467. McCrea v. Marsh, 12 Gray, 211, 213. Burton v. Scherpf, 1 Allen, 133, 134. Morse & others v. Copeland and another, 2 Gray, 302, 305.
The distinction between the words “tenant” and “lodger” when used in relation to real estate has been of long standing. When, as in this case, it is found in a real estate agreement, it should be viewed in the light of its established use. The trial judge apparently so ruled. We find no error in his so doing. The order therefore is Report dismissed.