## No. 79SA202

### City of Leadville, a municipal corporation v. Judith Rood, formerly Judith Bollwinkle

(600 P.2d 62)

Decided September 4, 1979.

Cosgriff, Dunn & French, Timothy H. Berry, for plaintiff-appellee.

Feldhamer, Plotz & Eskwith, P.C., Kenneth M. Plotz, for defendant-appellant.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

Judith Rood appeals a judgment following trial to the Lake County District Court in which the court ordered her to remove a building which she had constructed in violation of a Leadville municipal ordinance. We affirm.

Section 15.1 of the Leadville Municipal Code provides:

"*Set-Back Requirements.* It shall be unlawful for any person to erect or place any house or building within the city nearer than four feet from the property line; provided, however, that where buildings are already erected in such block with a set-back less than this distance, new buildings may be erected on a line with existing buildings."

After the enactment of this ordinance, Rood constructed a garage within four feet of her property line, in violation of the provision. The city of Leadville then brought this action seeking a court order to compel Rood to remove the structure. She contested the action but presented no evidence as to the effect of the ordinance on her. She challenged the constitutionality of the ordinance, alleging that the provision violated her rights to due process and equal protection. The crux of her argument is that the ordinance bears no rational relationship to a legitimate exercise of the city's police powers.

A municipal ordinance is presumed to be constitutional, and the assailant thereof has the burden of proving it unconstitutional beyond a reasonable doubt. *Mosgrove v. Town of Federal Heights,* 190 Colo. 1, 543 P.2d 715 (1975). The test of constitutionality here is whether there is a rational basis to uphold the classification created by this ordinance. *Turner v. Lyon,* 189 Colo. 234, 539 P.2d 1241 (1975). The standard for that determination is whether the ordinance is rationally related to a legitimate governmental goal. *People v. Taylor,* 189 Colo. 202, 540 P.2d 320 (1975).

█ It is a proper exercise of police power to enact ordinances which promote the health, welfare, and safety of the people. Section 31-15-103, C.R.S. 1973; *City of Colorado Springs v. Grueskin,* 161 Colo. 281, 422 P.2d 384 (1966). Ordinances which require structures to be set back from the property line are a valid exercise of that power. *Flinn v. Treadwell,* 120 Colo. 117, 207 P.2d 967 (1949). The benefits of such provisions to the commonwealth are many, *Gorieb v. Fox,* 274 U.S. 603, 47 S.Ct. 675, 71 L.Ed. 1228 (1927), and include the enhancement of the aesthetic value of the city. *Id.*

█ It is permissible for the ordinance to provide that the set back line in some areas will be established with reference to the location of existing structures. *Flinn, supra.* The fact that the ordinance affects different people in different degrees does not invalidate the provision so long as the distinctions have a rational basis.

█ The set of circumstances that Leadville had to address in promulgating this ordinance is that, although the general requirement was that buildings must be set back four feet from the property line, some existing structures were closer than that distance. Rather than abandon its attempt to pursue these legitimate purposes, or unduly burden the neighbors of those existing structures, Leadville created an exception to the general rule by allowing new buildings to be erected in line with existing buildings. This exception was well founded in reason and was a valid exercise of police power. It ensured that the town would achieve the maximum aesthetic benefit without arbitrarily burdening any particular property owners. Accordingly, the ordinance is rationally related to a legitimate purpose, and the appellant's arguments must be rejected.

The judgment of the district court is affirmed.

JUSTICE LEE and JUSTICE CARRIGAN do not participate.