GEORGE H. BAKER, SR., *et al.*, Plaintiffs-Appellees, *v.* THE COUNTY OF PEORIA *et al.*, Defendants-Appellants.

Third District   No. 82—694

Opinion filed July 18, 1983.

Jack Vieley, of Peoria, for appellants Don L. Monari and Marilyn J. Monari.

John A. Barra, State's Attorney, of Peoria (Louise Natonek, Assistant State's Attorney, of counsel), for other appellants.

Mishael O. Gard, of Swain, Johnson & Gard, of Peoria, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

Since January 1981, the plaintiff, George H. Baker, has been raising 15 different species of cranes on his property in rural Peoria County. Some of the cranes which Mr. Baker raises are on the International Endangered Species list. Mr. Baker has State and Federal permits to engage in the breeding, raising and transfer of these large birds. In order to provide for suitable winter shelter for these tropical species to survive in Illinois, Mr. Baker began construction of four structures along the eastern boundary of his property. The shelter structures are of a prefabricated quonset style built on skids and located on concrete pads. The pads are located within four feet of Mr. Baker's property line.

In September 1981, a Peoria County zoning inspector discovered the crane shelters and advised Mr. Baker that the shelters were built

too close to the property line and thus did not comply with the county's setback ordinance. Mr. Baker was advised that in order to bring the shelters in compliance with the county zoning ordinance, specifically the setback ordinance, it would be necessary to move the shelters at least 15 feet from his property line or to have a variance issued.

Mr. Baker then applied to the Peoria County Zoning Board of Appeals for a variance from the 15-foot setback requirement. The request for a variance was denied after a public hearing held November 19, 1981. In January 1982, the plaintiff filed a complaint for administrative review in the circuit court of Peoria County. The circuit court remanded the matter to the zoning board of appeals for the taking of additional evidence. After the additional evidence was taken, the circuit court heard the arguments of plaintiff and the defendant county, and issued a decision permitting the crane shelters to remain as constructed on Mr. Baker's property. In doing so, the circuit court made two findings. First, the circuit court determined that the setback ordinance applied only to permanent structures, not temporary or movable structures built on skids as were the crane shelters. Second, the circuit court determined that even if the setback ordinance applied to the temporary structures, the denial of the request for a variance was arbitrary and capricious. The county of Peoria has appealed this decision.

In the first point raised on review, the county urges that the setback ordinance, properly construed, regulates both temporary as well as permanent structures. The county points out that the setback ordinance applies to "buildings" and buildings are defined as "any structure designed or intended for the support, enclosure, shelter or protection of persons, animals or property." The Peoria County zoning administrator, Lou Sidell, testified in the record of this proceeding that the definition of "building" represents a revision which occurred in 1978. At that time, the Peoria County Board voted to strike the word "permanent," to eliminate problems in distinguishing between temporary and permanent structures caused by the prior definition. We agree with the county that the general presumption of statutory construction is that phrases or provisions omitted in an amendment of an act results in their repeal. (*People v. Delay* (1979), 70 Ill. App. 3d 712, 388 N.E.2d 1316.) Thus, under the instant facts, where distinctions between temporary and permanent structures were eliminated from the definition set forth in the ordinance, it must be concluded that the county board intended to change the law to treat all buildings in a like manner. We believe the circuit court's conclusion to the con-

trary was in error.

The county of Peoria also contends that the circuit court erred when it determined that the denial of the variance was arbitrary and capricious. In order to evaluate this alleged error, it is necessary to set forth more fully the purposes which the zoning ordinance is intended to serve and the unique facts underlying this request for variance. Side-yard setback requirements are generally designed to assure adequate light, air and privacy. (1954 U. Ill. L. F. 213, 228.) Our supreme court has determined that such ordinances have a reasonable relationship to the purposes of the police power. It cannot be denied that the observance of a reasonable setback minimum tends to prevent the overcrowding of land, to promote safety from fire and other dangers, and to secure adequate light, air and sunshine. (*Stemwedel v. Village of Kenilworth* (1958), 14 Ill. 2d 470, 153 N.E.2d 79.) In determining whether the setback requirements of the Peoria County Zoning Ordinance should be varied according to Mr. Baker's petition, the zoning board of appeals is mandated to consider whether such variation would be "in harmony with the general purpose and intent of such regulations." Peoria County Zoning Ordinance sec. 17.

The evidence in the record before the zoning board of appeals demonstrates that Mr. Baker considered three different locations on his property as sites for the crane shelters. The first location was on the flat area along the front line of his property. The second location was on high ground under a grove of large oak trees. The third location, and the location Mr. Baker, to his legal detriment, ultimately chose as the site for the crane shelters, was in a gully to the north side of his property. There, the shelters were well buffered from the view of his neighbors by trees and shrubs. Because of the topography of Mr. Baker's property, locating the shelters in the gully caused their rooftops to be lower than the property of his adjacent neighbors. In contrast, locating the shelters along the front line of his property or under the large oak trees would have caused them to be far more visible, more aesthetically offensive, and a greater burden to light, air and sunshine for his neighbors. Nevertheless, the location of the shelters along the front line of his property or under the large oak trees would have been in compliance with the Peoria County Zoning Ordinance.

Most of Mr. Baker's neighbors offered no objection, indeed they consented, to the location of the bird shelters at the site in the gully. Two neighbors appeared at the hearing before the zoning board of appeals and objected to the variance which Mr. Baker sought. A review of the objections posed by these neighbors reveals that their disagree-

ment was not with the location of the crane shelters in the gully, but rather with the zoning ordinance classifying the raising of cranes as a legal and permitted use in the rural Peoria County area in question.

The type of variance which Mr. Baker has applied for is commonly labeled an "area" variance.

> "An 'area' variance does not involve a change of use but, rather, involves relief from restriction such as those pertaining to setback lines, height restrictions, lot-size restrictions, and the like. In other words, an 'area' variance is a shorthand description of a variance from structural or lot-area restrictions.

> Broadly speaking, the requirements as to the showing necessary to obtain an area variance are less stringent than those applicable to a use variance, for the reasons that an area variance does not affect the use of the land, is less drastic in effect, and does not pose the threat of an incompatible use in the neighborhood. Thus, it is the rule in some states that the requirement of 'unnecessary hardship' applies to use variances, but that an area variance may be granted upon a showing that a literal application of the zoning regulation would result in 'practical difficulties.' It is generally agreed that proof of practical difficulties is a less stringent requirement than proof of unnecessary hardship." 82 Am. Jur. 2d *Zoning and Planning* sec. 278 (1976).

The Peoria County Zoning Ordinance provides that where

> "*** because of certain exceptional conditions peculiar to the applicant's property, the strict application of the regulations of this chapter would result in practical difficulties or particular hardship in carrying out the strict letter of any regulation relating to *** setbacks, *** the Zoning Board shall have the power to determine and vary their application in harmony with the general purpose and intent of such regulations."

The ordinance then continues to set forth a series of stringent tests to be applied where the zoning board is asked to "grant a variance to allow a use not permissible under the terms of this chapter in the district involved ***." Such stringent tests are not applied where an area variance is sought. The only requirements which must be met where the zoning board is asked to grant an area variance are (1) exceptional conditions peculiar to the applicant's property, (2) practical difficulties or particular hardships in carrying out the strict letter of the regulation, and (3) harmony with the general purpose and intent of the zoning regulations.

This case appears to present an issue unique to zoning law. While

it is not unique to grant a variance by showing that the topographical features of property are such that it cannot be used for its permitted purpose (*Marlowe v. Zoning Hearing Board* (1980), 52 Pa. Commw. 224, 415 A.2d 946), the facts of the instant case are different. Here, Mr. Baker freely admits that the topography of his property presents no barrier to the use permitted under the Peoria County Zoning Ordinance, that is, the raising of cranes. In fact, Mr. Baker concedes there are two locations on his property where the permitted use could be undertaken in compliance with the ordinance. Indeed, as the county points out in their brief filed before this court, "the Zoning Board of Appeals, with all the evidence and testimony before it, determined that Baker's hardship is self imposed, and there are other permissible sites on the property."

The unique circumstances of this case are that the purposes of the setback ordinance are thwarted if the ordinance is enforced, while the purposes of the setback ordinance are promoted if the ordinance is not enforced and a variance is granted. If Mr. Baker is forced to locate the crane shelters under the grove of oak trees or along the front line of his property, his neighbors' interest in adequate light, air and sunshine will be defeated. The shelters will be more conspicuous to his neighbors and more aesthetically offensive. Yet, a strict application of the zoning ordinance would require this result.

We believe these exceptional conditions are indeed peculiar to Mr. Baker's property. We believe this unique circumstance presents a practical difficulty in carrying out the strict letter of the setback ordinance. And it is clear that a variance from the strict application of the setback ordinance would be in harmony with the general purpose and intent underlying the ordinance. To otherwise conclude, to find that a variance should be denied under these facts, would countenance the absurd result of frustrating the public policy with the very ordinance that codifies that policy.

In conclusion, we agree with the circuit court that under these unique circumstances, a practical difficulty does exist, and to deny the variance requested was arbitrary and capricious. This is a particularly appropriate case for granting a variance. In reliance on the authorities hereinbefore set forth, we affirm the decision reached by the circuit court of Peoria County.

Affirmed.

STOUDER, P.J., and HEIPLE, J., concur.