450 So.2d 559 (1984)
Steven FOX, Appellant,
v.
TOWN OF BAY HARBOR ISLANDS, a Municipal Corporation and a Political Subdivision of the State of Florida, Appellee.
No. 83-826.
District Court of Appeal of Florida, Third District.
May 8, 1984.
Rehearing Denied June 11, 1984.
Becker, Poliakoff & Streitfeld and Robert J. Manne, Fort Lauderdale, for appellant.
Lewis Horwitz, Bay Harbor Islands, for appellee.
Before SCHWARTZ, C.J.,[*] and NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Fox appeals from an order dismissing his complaint with prejudice after the trial *560 court determined that a zoning ordinance of the Town of Bay Harbor Islands, a portion of which was attacked by Fox as being facially unconstitutional, was a valid exercise of the Town's police power.
The ordinance in question, Section 23-11(B)(10) of the Code of the Town of Bay Harbor Islands, provides:
"If a building is raised to the minimum height necessary to provide one or more levels of vehicular parking, utilities, and other services under the building area, and provided that no living quarters exist in any part of this parking, utility, and service area, other than as specified hereafter, one (1) level of said parking, utility, and service area shall not be counted as a story. For example, if there are two (2) levels of vehicular parking, utilities, and other services, then one (1) such level would not be counted as a story, and a maximum of five (5) stories of living space are permitted over the other two (2) levels. All levels referred to are above ground. There is no limitation to number of levels under ground level. However, one (1) apartment may exist in such area as living quarters for one (1) family, the head of which shall be in charge of maintenance and superintendent duties exclusively for that building. The apartment shall not exceed eight hundred (800) square feet of floor area and shall not be counted as an apartment for parking space requirements of any ordinance."
(emphasis supplied).
We reverse upon a holding that the emphasized portion of the ordinance restricting the occupancy of the apartment to a family headed by a person in charge of maintenance and superintendent duties is unconstitutional and remand the cause with directions to the trial court to grant Fox's prayer that the Town be enjoined from prohibiting Fox from occupying the apartment.[1]
In 1969, a five-story apartment building was constructed in conformity with the ordinance: The upper four stories of the building contained twenty-four apartments; the ground level contained parking spaces and, as the ordinance permitted, one apartment not exceeding eight hundred square feet. In 1979, the apartment building was converted to condominium ownership with the declaration of condominium providing for twenty-five residential units including the ground floor unit. The Town then informed Fox that he could not occupy his apartment, since his occupancy would offend against the ordinance. Unsuccessful in obtaining a variance from the Town, Fox brought suit.
The applicable legal principles are clear. Zoning ordinances, like all legislative acts, are presumptively valid. Town of Indialantic v. McNulty, 400 So.2d 1227 (Fla. 5th DCA 1981). The burden of overcoming this presumption of validity is on the challenger. Id. at 1230. That burden is satisfied when it is shown that the ordinance in question does not bear a substantial relation to the public health, safety, morals or general welfare. See Burritt v. Harris, 172 So.2d 820 (Fla. 1965); City of Miami Beach v. 8701 Collins Avenue, Inc., 77 So.2d 428 (Fla. 1954); Davis v. Sails, 318 So.2d 214 (Fla. 1st DCA 1975); Fogg v. City of South Miami, 183 So.2d 219 (Fla. 3d DCA 1966). See also 101 C.J.S. Zoning § 16 (1958).
Most assuredly, and Fox does not contend otherwise, an ordinance, as here, to the extent that it reasonably regulates the setback requirements of buildings,[2] is a *561 valid exercise of the police power.[3]See Gorieb v. Fox, 274 U.S. 603, 47 S.Ct. 675, 71 L.Ed. 1228 (1926); City of Miami v. Romer, 58 So.2d 849 (Fla. 1952), clarified, 73 So.2d 285 (Fla. 1954). Fox's claim, however, is not that the Town cannot limit living quarters among parking facilities on the ground floor to a small apartment and exempt such floor from being counted as such in determining setback requirements. His claim is, instead, that insofar as the ordinance requires that the ground floor apartment be occupied only by a person, and his or her family, who is in charge of maintenance and superintendent duties of the building, it bears no real or substantial relationship to, is not reasonably necessary for the protection of, and in no way advances or promotes the public health, safety, morals or general welfare. Fox therefore contends that his constitutional right to reside in his dwelling unit has been unlawfully abrogated under the guise of the police power. See Burritt v. Harris, 172 So.2d 820.
Particularly pertinent here is the principle that "zoning ordinances are much less suspect when they focus on the use than when they command inquiry into who are the users." City of Santa Barbara v. Adamson, 27 Cal.3d 123, 610 P.2d 436, 441-42, 164 Cal. Rptr. 539, 544-45 (1980). Consistent with that principle, courts have struck down ordinances which limited the occupancy of a dwelling unit to a narrowly-defined family on the ground, among others, that such ordinances have, at most, a tenuous relation to the city's legitimate goal of preventing overcrowding, defraying traffic problems, and avoiding an overload in the school system. See Moore v. City of East Cleveland, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977); City of Santa Barbara v. Adamson, 610 P.2d 436, 164 Cal. Rptr. 539. See also Berger v. State, 71 N.J. 206, 364 A.2d 993 (1976).
It is clear to us that in the ordinance under consideration the identity of the person who occupies the ground floor apartment has not the slightest bearing upon the health, safety, morals or welfare of the public at large. Even if it could be said that having a person on the premises to maintain and superintend the building would arguably promote the welfare of the other inhabitants of the building, there is no requirement in this ordinance that the building have such a person on the premises. Cf. Sunrise Village Associates v. Borough of Roselle Park, 181 N.J. Super. 567, 438 A.2d 945 (Super.Ct.App.Div. 1981), cert. denied, 89 N.J. 413, 446 A.2d 144 (1982) (ordinance requiring the owner of any apartment complex consisting of 250 or more units to furnish uniformed security guard services upon the premises does not establish any arbitrary classification and is a valid exercise of the police power). Any legitimate goals of the setback ordinance are fulfilled when the living space on the ground floor is limited in size, and whether or not the apartment is occupied  or if occupied, by whom  does not in any way advance those goals.
Reversed and remanded with directions.
NOTES
[*] Participated in decision, but not oral argument.
[1] Fox alternatively sought an order requiring the Town to grant him a variance from the ordinance, which action is rendered moot by our decision. Moreover, we do not pass upon the question whether Fox's separate count for damages arising from a violation of his civil rights under Title 42 U.S.C. § 1983 is viable, because the trial court, finding the ordinance constitutional, has not yet ruled on this question.
[2] Other sections of the Town's Code, e.g., §§ 23-11(B)(1), (2) and (3), establish setback requirements for multifamily buildings based on the number of stories in a building.
[3] The generally accepted justifications for a reasonable setback requirement are that it secures adequate air and light, promotes safety from fire and other dangers, prevents overcrowding of land, Baker v. County of Peoria, 116 Ill. App.3d 518, 72 Ill.Dec. 197, 452 N.E.2d 129 (1983), and enhances aesthetic values, City of Leadville v. Rood, 198 Colo. 328, 600 P.2d 62 (1979). See also Town of Indialantic v. McNulty, 400 So.2d 1227 (setbacks for oceanfront buildings justified as preserving sand dunes, bluffs and vegetation on beaches).