No. 15,973.

FLINN ET AL. *v*. TREADWELL, BUILDING INSPECTOR
OF FORT COLLINS ET AL.
(207 P. [2d] 967)

Decided May 31, 1949.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, Mr. LLOYD
E. WILLIAMS, for plaintiffs in error.

Mr. DAVID G. ATKINSON, Mr. ARTHUR E. MARCH, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFFS in error filed their complaint for injunction and for a declaratory decree, involving a zoning ordinance of the city of Fort Collins. Defendants, by answer and cross complaint, seek a mandatory injunction against the plaintiffs. The court entered a decree adverse to plaintiffs, and error is assigned.

Plaintiffs are the owners of improved real estate known as 127 South Grant Street, Fort Collins, Colorado, with fifty feet frontage and 125 feet in depth. They acquired this property about six years prior to the filing of the complaint on July 18, 1946. According to a survey contained in the records, the residence was 24.6 feet from the front lot line. Finding that the front part of the house and the roof were in need of repair, plaintiffs decided to construct a garage on the northeast corner and build same into, and make it a part of, the main residence building, and thus repair the north wall. In contemplation of the construction, they invited defendant Treadwell, the city building inspector, to come out and look over the situation, which he did, and plaintiffs say their plan as to the size and location of the garage was fully explained and disclosed to the inspector, and they further state that the inspector told them that, as far as he could see, it looked all right, but for plaintiffs to have a set of plans drawn and send them to him, and on checking the plans he could tell then whether or not a building permit would issue. Plaintiffs had such plans prepared showing the proposed dimensions of the garage and its appearance as being built into the main structure of the house, but without

specific measurements and distances as to the yard area it would consume. These plans were submitted to the building inspector, and a permit was issued on August 6, 1945 by him. This permit provides as the proposed work, "Make garage on front of house and enclose back porch, brick walls, comp. roof on garage & shingles on back porch," with provisions as to the yard area as follows: "Front yard — As is......ft. Rear Yard — As is ......ft. Side yard — As is — Side Yard — As is......ft."

The diagram of plaintiffs' house shows the garage recessed into the northeast corner; and that the garage was to be 12 feet 10 inches wide, 19 feet long and protruding 5 feet 8 inches north of the north line of the house and extending approximately 5 feet 10 inches into the front yard from the east side of the front porch. Construction work started in the spring of 1946. At about the time the foundation or footings had been finished, Mr. Althouse, a representative of the building inspector's office, came on the premises and talked to Mr. Flinn, one of the plaintiffs, and told him, "* * * it was coming out too far * * *." He was told by Mr. Flinn to go and see Mr. Treadwell, the inspector who issued the permit on a set of plans, and that they were going by the plans. Mr. Althouse testified that he made no further inquiry from Mr. Treadwell as to whether or not there was a violation. Construction was completed with the exception of the roof, when plaintiffs received a written notice dated June 24, 1946 from the building inspector that the construction was contrary to orders and was in violation of the ordinance and the permit and plaintiffs were notified therein to remove the structure, so as to have the required front yard area, within ten days from the receipt of the notice. Plaintiffs' expenditure up to that time amounted to about nine hundred dollars. Thereupon, plaintiffs filed the complaint herein alleging in substance that the permit was issued with full knowledge of the defendants as to the nature and location of the improvements; that the plans submitted and the

permit granted authorized the building of the garage as constructed, and located an equal distance from the street as another dwelling in said block.

Plaintiffs further plead the zoning ordinance of the city of Fort Collins which provides, "Where 40 per cent or more of the frontage in any district requiring a front yard is built up, every building hereafter erected shall provide a front yard of no less depth than the average of the front yards already established." They further plead that the garage as constructed complies with this provision of the ordinance, but that in any event, said applicable provision is unreasonable, arbitrary, oppressive, confiscatory and discriminatory, and deprives plaintiffs of the use of their property without due process, contrary to the Constitutions of the State of Colorado and of the United States; is not a proper exercise of police power by the defendants; amounts to the taking of private property for public use without compensation, and denies plaintiffs equal protection of the law.

As a second cause of action, plaintiffs alleged the expenditure of nine hundred dollars and allege that defendants are estopped from claiming that the permit had been revoked or violated.

As a third cause of action, allege that the zoning ordinance of the city of Fort Collins, adopted May 31, 1929, and as now amended, is no longer of any force or effect for the reasons that said ordinance has not been enforced throughout the city of Fort Collins; that many violations have occurred without corrective action being taken; that the entire plan and purpose of said ordinance has been abrogated and annulled, and cannot longer be enforced without depriving persons of equal protection of the law.

Defendants in their answer and cross complaint allege that the building permit was issued upon the express condition that the garage be set back so far as not to extend into the front yard of the premises as then exist-

ing; that the garage was erected contrary to the provisions of the building permit and the zoning ordinance, and in defiance of defendants' order to cease construction; further allege that before the foundation was laid, plaintiffs were notified that the construction was in the front yard area of the premises contrary to the zoning ordinance; further allege that plaintiffs' third cause of action fails to state a claim against the defendants upon which relief can be granted.

By way of counterclaim, defendants allege that by the terms of the permit, plaintiffs were to have a front yard area as the same then existed, that is 24.3 feet; they then pleaded a portion of section IV of the zoning ordinance relating to "B" residential districts as follows: "For every building there shall be provided a front yard and a rear yard of not less than 25 feet in depth." They also alleged that "plaintiffs willfully, knowingly, wrongfully, and unlawfully caused to be constructed and erected upon their premises * * * a garage in the front of said residence and extending into the front yard area a distance of 12.6 feet, thereby leaving a front yard area of only 11.7 feet." Defendants further allege the notices to plaintiffs, which were ignored, and they prayed for dismissal of plaintiffs' complaint and for a mandatory injunction requiring plaintiffs to remove their garage building in order to conform with the zoning ordinance and the building code.

Trial court dismissed plaintiffs' third cause of action which was an allegation that the zoning ordinance was no longer of any force and effect because of nonenforcement.

In substance, the principal points specified by plaintiffs for reversal are: That trial court erred in not finding that defendants were estopped to deny the validity of the building permit; in not finding that the set-back provisions of the zoning ordinance as applied to plaintiffs are void because ambiguous and not uniform in application and amounted to taking of plaintiffs' prop-

erty without due process and equal protection of the law; in dismissing plaintiffs' third cause of action, and finally that the plaintiffs were not in a position to challenge the validity of the zoning ordinance as applied to them because they purchased the property subsequent to the effective date of the ordinance.

All controversial facts were resolved against the plaintiffs, which leaves for our determination only the questions of estoppel, validity of the ordinance and the ruling of the trial court.

█ Plaintiffs' third cause of action, as hereinbefore mentioned, was a contention that the zoning ordinance is no longer of any force or effect for the reason that it has not been enforced and forced correction of many violations has not been made, and exceptions have been permitted. The plaintiffs admit that the ordinance has not been repealed. It is no defense, that the city authorities have failed to enforce any ordinance, or that violations have been permitted to go uncorrected. Such nonaction does not have the effect of repeal, and although such apparent failure of enforcement may have lulled others into the security of thinking that the provisions of the ordinance are dormant, it does not render the ordinance inoperative. Failure to enforce against one, does not preclude enforcement against another. For these reasons, we find that the trial court correctly construed the law and its application in dismissing plaintiffs' third cause of action.

█ No doubt plaintiffs' complaint was largely engendered by the hardship apparent from the enforcement of the ordinance. This prompts their contention that the doctrine of estoppel should be applied against the defendants. Before they can invoke this doctrine, it must be shown that they were unmistakably misled, and that they exercised the diligence due in such cases. In their anxiety to have the garage located and constructed to suit their convenience, they were careless about the convenience or welfare of others in the im-

mediate neighborhood, the very purpose of which gave life to, and reasons for, the adoption of the ordinance by the city. It is disclosed by reading of this ordinance that it is not discriminatory since "it affects alike all of a class upon a reasonable classification." *Averich v. Denver*, 78 Colo. 246, 242 Pac. 47. That such ordinances are a valid exercise of the power granted to the city by our state legislature is well and clearly settled in this state by the case of *Colby v. Board of Adjustment of Denver*, 81 Colo. 344, 255 Pac. 443.

██ The ever present force and effect of the police power attends in the regulations provided in zoning ordinances, and the rule is that the doctrine of estoppel does not apply. For the promotion of the general welfare, the police power deals with the circumstances as they may arise.

Carelessness is indicated in this case on the part of both plaintiffs and defendants in connection with the matters entering into the issuance of the permit. Plaintiffs may have concluded that when they exhibited incomplete plans, nevertheless indicative of their proposal, that the building inspector should have made all calculations before the issuance of the permit and detailed same to the plaintiffs. Whatever may be lacking in this respect is merged into the permit as issued so far as it relates to the yard area, and that is the real difficulty here. It is because the garage as constructed, consumes more of plaintiffs' front yard than is permissive under the ordinance. It is difficult to comprehend how plaintiffs would proceed with the construction without reading the permit as issued. If they did, and proceeded, then it was a willful violation. If they failed to read the permit, then it is negligence by which they are bound. As to the front yard area, the permit is clear and unmistakable. "As is" has no other meaning than that the front yard in all of its dimensions was to be, and remain the same after the construction as before. If this clear condition in the permit was not to the liking

of plaintiffs, they had their remedy—which they did not pursue—either by further discussion with the building inspector and then, if not satisfied, present the matter to the board of adjustment. Failing in these matters, they proceeded at their peril. If plaintiffs proceeded on the theory that they had a contract with the municipality through the defendants, they were in error because the permit was no more than a link in the chain of the administration of the zoning power. The court was right in holding that the defendants were not estopped.

We do not pass upon all of the provisions of the zoning ordinance here involved, but do determine that so much thereof as is involved, is a valid exercise of the granted power as applied to the circumstances of the case before us, and we find that no constitutional right of the plaintiffs has been invaded.

For the reasons herein indicated, the judgment is affirmed.

MR. JUSTICE STONE and MR. JUSTICE HAYS not participating.