Richard E. HARGREAVES; John M. Harrison; Harlan Wagoner; John Haley; H & H Quality Enterprise, Inc., a Colorado Corporation; Longmont Home Improvement, Inc., a Colorado Corporation; and Longmont Soil Conservation District, Petitioners,

v.

Phil G. SKRBINA; Phil G. Skrbina, Inc., a Colorado Corporation; the City of Longmont, a Colorado Municipal Corporation, Respondents,

and

Kenneth A. Williamson; Connie S. Williamson, Respondents.

Kenneth A. WILLIAMSON and Connie S. Williamson, Petitioners,

v.

Richard E. HARGREAVES; John M. Harrison; Harlan Wagoner; John Haley; H & H Quality Enterprise, Inc., a Colorado Corporation; Longmont Home Improvement, Inc., a Colorado Corporation; and Longmont Soil Conservation District, Respondents.

The CITY OF LONGMONT, a Colorado Municipal Corporation, Petitioner,

v.

Richard E. HARGREAVES; John M. Harrison; Harlan Wagoner; John Haley; H & H Quality Enterprise, Inc., a Colorado Corporation; Longmont Home Improvement, Inc., a Colorado Corporation; and Longmont Soil Conservation District, Respondents.

Nos. 81SC201, 81SC204 and 81SC209.

Supreme Court of Colorado, En Banc.

May 2, 1983.

Rehearing Denied May 23, 1983.

French & Stone, P.C., Gary S. Mallo, Joseph C. French, Robert W. Stone, Boulder, for Hargreaves, et al.

Taussig & Flowers, John G. Taussig, Jr., Boulder, for Skrbina, et al.

Hall & Evans, David R. Brougham, Denver, Hopp & Associates, P.C., Walter J. Hopp, Longmont, for City of Longmont.

John G. Canny, Denver, for Williamsons.

HODGES, Chief Justice.

We granted three certiorari petitions from various parties to review *Hargreaves v. Skrbina*, 635 P.2d 221 (Colo.App.1981), wherein the court of appeals reversed the trial court's refusal to grant an injunction requiring the removal or alteration of a building. The trial court's judgment was proper and we therefore reverse the judgment of the court of appeals as to this issue. However, we affirm the remaining portion of the court of appeals' decision which upheld both the trial court's issuance of an injunction requiring correction of certain drainage problems and its denial of the plaintiffs' request for attorney fees.

The various parties in this matter are adjoining landowners and the City of Longmont (City). We will simply refer to them as either "plaintiffs" or "defendants." In June of 1974, the defendants obtained a building permit from the City and began constructing an office building on their property. Shortly thereafter the plaintiffs notified both the City and the defendants that the foundations for the office building extended beyond the City's 110-foot setback limitation. The City initially issued a stop-work order but it was retracted before service upon advice of the City Attorney. The defendants, therefore, continued with the construction of their building, working around the clock in order to meet a gas-tap deadline.

By mid-August the office building was completed and on August 22, 1974, the defendants were issued a certificate of occupancy by the City. On that same day the plaintiffs commenced this action for a mandatory injunction requiring the defendants to remove that portion of their building extending into the 110-foot setback zone. The trial court denied the plaintiffs' request for an injunction because in its opinion that drastic remedy should only be granted after weighing the equities of the parties and in the present case, it concluded, the equities did not weigh in the plaintiffs' favor.

The court of appeals reversed the trial court, relying on *Little Joseph Realty, Inc. v. Town of Babylon*, 41 N.Y.2d 738, 395 N.Y.S.2d 428, 363 N.E.2d 1163 (1977), which held that in cases involving municipal ordinances the equities should not be weighed because "presumptively they have already been weighed and disposed of by the legislature which enacted [the ordinance]." Rather, the court of appeals ruled, in municipal enforcement cases injunctive relief should be granted as long as there has been a clear showing that the municipal ordinance in question has been violated. As the defendants in the present case had clearly violated Longmont's setback ordinance, the court of appeals held that plaintiffs were entitled to an injunction.

The issue presented by this case, then, is whether it is proper to weigh the equities of the parties under the doctrine of relative hardships in a suit by private plaintiffs seeking to enforce a municipal setback

ordinance. We agree with the trial court that the equities should be weighed and therefore reverse the court of appeals' holding to the contrary.

█ We have long recognized that equitable considerations must be taken into account when a municipality enforces its own zoning ordinances. *Crawford v. McLaughlin,* 172 Colo. 366, 473 P.2d 725, 731 (1970); *City and County of Denver v. Stackhouse,* 135 Colo. 289, 310 P.2d 296 (1957). *Pratt v. City and County of Denver,* 72 Colo. 51, 209 P. 508 (1922).[1] If a city's enforcement of its own ordinances is tempered by equitable considerations, then it is certainly appropriate that a private citizen be required to demonstrate the equity of his position before obtaining relief under a municipal ordinance. Moreover, by permitting a trial court to weigh the equities of the parties before it we are only ensuring that injunctive relief will be granted where the elimination of an offending use is fair, and that it will be denied where the same would work an injustice. Accordingly, we hold that in the present case it was proper for the trial court to apply the doctrine of relative hardships.

We now turn to the question of whether the trial court correctly found the equities to weigh in favor of the defendants. The trial court found that the defendants had constructed their office building in good faith. Before obtaining a building permit they were not aware of the setback requirement and only learned that they had violated it after incurring $15,000 in on-site construction costs.[2] They continued construction thereafter in reliance on their building permit and the City's failure to revoke it

after the violation became known. That the office building was constructed at an accelerated pace is adequately explained by the defendants' need to meet a gas-tap deadline. The record as a whole adequately supports the trial court's finding of good faith and thus we must uphold it on review. *Hatfield v. Barnes,* 115 Colo. 30, 168 P.2d 552 (1946); *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

In addition to its finding of good faith, the trial court found that the plaintiffs did not suffer any appreciable impairment of visibility or loss of business due to the defendants' construction. On the other hand, it found that the defendants would lose a $150,000 investment if forced to comply with the setback requirements. In view of all these facts we are compelled to agree with the trial court that injunctive relief would be inappropriate in the present case. *See Golden Press v. Rylands,* 124 Colo. 122, 235 P.2d 592 (1951).

The court of appeals quoted extensively from the case of *Welton v. 40 East Oak Street Building Corp.,* 70 F.2d 377 (7th Cir. 1934), in support of its decision. It was there stated that

> "[f]inancial relief to appellants is not the only factor in weighing equities. There is involved that immeasurable but nevertheless vital element of respect for, and compliance with the . . . ordinance of the city. The surest way to stop the erection of . . . buildings in defiance of zoning ordinances is to remove all possibility of gain to those who build illegally. Prevention will never be accomplished by compromise after the building is erected, or through payment of a small money

---

1. The court of appeals relied on the case of *Flinn v. Treadwell,* 120 Colo. 117, 207 P.2d 967 (1949), in holding that equitable considerations should not be taken into account in cases such as this. However, we find *Flinn* inapposite because the facts there did not justify the application of equitable principles and thus the court was not presented with the precise question at issue here.

2. Although only one other building violated the setback restriction in the block where the defendants' building was located, the setback requirement has not been enforced in either of the two adjoining blocks. The building razed to make way for the defendants' building had a canopy roof extending to within 17 feet of the street. The Williamsons used the building and canopy to conduct a recreational vehicle sale business before erecting a new structure.

judgment to some individual whose financial loss is an inconsequential item."

We appreciate the court of appeals' desire to encourage compliance with our municipalities' ordinances. However, even the *Welton* court recognized that promoting respect for city ordinances is only one factor in weighing the equities of a case, not the sole or paramount consideration. In the present case this element is clearly not decisive. The defendants here began constructing their building under authority of a City building permit and continued construction in reliance on the City's refusal to revoke that permit. When the City itself is responsible for "authorizing" construction in violation of its set-back ordinance, it would be anomalous to penalize the defendants in an effort to promote respect for that very ordinance. Further, as stated above, the defendants did proceed in good faith.

In conclusion, we feel it important to point out that the real problem in this case was the City's negligence, as found by the trial court, in issuing a building permit to the defendants. Had a permit not been issued, the plaintiffs could have relied on the City to enforce its own ordinances. On the other hand, once a permit was issued, the defendants made a costly and irrevocable investment in reliance thereon. As between these two innocent parties, the trial court found that the injury suffered by plaintiffs was not great enough to justify an order for mandatory injunctive relief. Simple equity compels us to affirm that decision. The holding of the court of appeals is reversed.

■ Two other issues were presented for review by this court. Several parties appealed the trial court's ruling with respect to certain drainage problems caused by the defendants' construction. A mandatory injunction requiring the defendants to correct these problems was granted by the trial court, but only as to two of the plaintiffs. Thus the remaining plaintiffs appealed the denial of their request for injunctive relief while the defendants appealed that part of the trial court's order granting the injunction for two of the plaintiffs. The court of appeals affirmed the trial court, as do we for the reasons set forth in its opinion.

 Additionally, all of the plaintiffs have appealed the trial court's denial of their motion for attorney fees. Again, we agree with the court of appeals and affirm for the reasons given in its opinion.

The judgment of the court of appeals is affirmed in part and reversed in part.

NEIGHBORS, J., does not participate.