Richard F. UPAH, individually and Richard F. Upah, Trustee,
Plaintiff,

v.

THORNTON DEVELOPMENT AUTHORITY, City of Thornton, Colorado, a municipal corporation, Essex Corporation, a Colorado corporation, Stephen F. Elken, an individual, Thornton Associates, an Illinois limited partnership, Spatz & Company, an Illinois corporation, Spatz and Company Development Corporation, a wholly owned subsidiary of Spatz & Company, and John F. Carpenter, an individual, Defendants.

Civ. A. No. 85–K–1898.

United States District Court,
D. Colorado.

April 9, 1986.

David J. Richman and John M. Richilano, Coghill & Goodspeed, Denver, Colo., for plaintiff.

Daniel M. Fowler and Christian M. Lind, Wood, Ris & Hames, P.C., Denver, Colo., for Thornton Development, City and Carpenter.

Edwin G. Perlmutter, Berenbaum & Weinshienk, Denver, Colo., for Essex, Elken, Thornton Assoc., and Spatz.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This civil rights action, which is brought pursuant to 42 U.S.C. §§ 1982, 1983, and 1985(3), arises from plaintiff's ownership of two vacant lots in Thornton, Colorado. Plaintiff alleges in his complaint that defendants have violated his constitutional rights in their quest to obtain title to these properties so that the land can be developed for a shopping center. Plaintiff seeks compensatory damages as well as declaratory and injunctive relief. Plaintiff also asserts pendent state law claims for violations of Colorado constitutional and statutory provisions, outrageous conduct, and slander of title.

This matter is now before me on defendants' motion to dismiss pursuant to Fed.R. Civ.P. 12. Defendants argue that the action must be dismissed under Rule 12(b)(1) for lack of jurisdiction because plaintiff's claims are not ripe. Alternatively, defendants assert that this case must be dismissed because plaintiff has failed to state claims upon which relief can be granted under Rule 12(b)(6).

## I.  RIPENESS

Defendants argue, first, that plaintiff's claims are not ripe for determination. It is asserted that the properties have not been condemned and that the condemnation issue is the subject matter of another case pending before me. *See Thornton Development Authority v. Upah,* No. 85–K–2124. Defendants maintain that there has been no "taking" of plaintiff's properties within the meaning of the Just Compensation Clause of the Fifth Amendment since the land has not been condemned and, thus, plaintiff has suffered no constitutional wrong which could be actionable under §§ 1982, 1983, and 1985(3).

Plaintiff, on the other hand, asserts that defendants' unlawful conduct consists of much more than merely the bringing of a condemnation proceeding. Specifically, plaintiff contends that defendants have engaged in certain overt acts in furtherance of a "far-ranging conspiracy" to violate his rights to just compensation and due process including: 1) rezoning the land without notice to plaintiff; 2) resubdividing the properties without plaintiff's authorization; 3) creating a special improvement district which affects the land, absent plaintiff's consent; 4) issuing bonds to finance construction on the land; and 5) amending, without adequate notice, the urban renewal plan so as to permit the condemnation action. Plaintiff maintains that, although the properties have not been condemned, the case is ripe for litigation in that the acts detailed above have already occurred, depriving plaintiff of his constitutional and civil rights.

Defendants are correct that plaintiff's land has not been condemned. However, their argument that plaintiff's claims are not ripe because the land has not been condemned is without merit. Defendants' equation of a taking with condemnation ignores cases which have, for example, stated that unreasonable government regulation may constitute a taking in some instances. *See, e.g., Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 415, 43 S.Ct. 158, 160, 67 L.Ed. 322 (1922) (The general rule is

that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking). Plaintiff has alleged such unreasonable government regulation in the instant case. Additionally, defendants have neglected plaintiff's claims for due process violations which have already occurred. I am well aware that "[c]laims based merely upon 'assumed potential invasions' of rights are not enough to warrant judicial intervention." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 324–25, 56 S.Ct. 466, 472–73, 80 L.Ed. 688 (1936) (citing *Arizona v. California*, 283 U.S. 423, 462, 51 S.Ct. 522, 528–29, 75 L.Ed. 1154 (1931)). In the present case, however, plaintiff's allegations do not rest on the outcome of the condemnation action. Rather, plaintiff has asserted claims based on actions which defendants have allegedly already taken and which purportedly violated plaintiff's rights. Accordingly, defendants' motion to dismiss for lack of jurisdiction, on the ground that plaintiff's claims are not ripe, is denied.

## II. FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

Alternatively, defendants argue that this action must be dismissed, pursuant to Rule 12(b)(6), because plaintiff has failed to state claims upon which relief can be granted. For defendants to prevail on this motion, it must appear "beyond doubt that ... plaintiff can prove no set of facts in support of his claim[s] which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff...." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 594. So long as plaintiff may offer evidence to support a legally recognized claim for relief, the motion to dismiss should be denied. *Conley*, 355 U.S. 41, 46–47, 78 S.Ct. 99, 102–03.

▮ First, defendants contend that plaintiff's civil rights claims must be dismissed because plaintiff has failed to allege any invidious discrimination or class-based animus. It is well-established that racial discrimination is an essential element of a § 1982 action. *See Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968). Additionally, for plaintiff to maintain a claim under § 1985(3) there must be "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). There is no similar requirement, however, necessary to maintain a cause of action under § 1983.

▮ Plaintiff has made no allegation of race discrimination by defendants in his complaint. Nor is there any evidence that race discrimination was involved in this case. Therefore, plaintiff's § 1982 claim is dismissed. With respect to the § 1985(3) claim, plaintiff has indicated in his brief that there is some evidence that defendants discriminated against him because he is an out-of-state resident. Plaintiff asserts that this satisfies § 1985(3)'s requirement of a class-based, invidiously discriminatory animus underlying defendants' actions. A class composed of nonresidents is not, however, within the protection of § 1985(3) because discrimination against such a class cannot be deemed invidious. *See, e.g., Ford v. Green Giant Co.*, 560 F.Supp. 275 (W.D.Wash.1983); *Miami International Realty Co. v. Town of Mt. Crested Butte*, 579 F.Supp. 68, 76 (D.Colo.1984). Thus, plaintiff's § 1985(3) claim is dismissed. Defendants' motion is denied, however, with respect to plaintiff's § 1983 claim since there is no requirement of discrimination necessary to maintain such a cause of action.

▮ Next, defendants assert that plaintiff's outrageous conduct claims must be dismissed for failure to state a claim upon which relief can be granted. I need not address defendants' contentions supporting dismissal of this claim because I decline, *sua sponte,* to exercise pendent jurisdiction over plaintiff's state law claims. Although

I have the power to exercise pendent jurisdiction in this case since plaintiff's remaining civil rights claims are substantial and the state law claims arise from a common nucleus of operative facts, *see United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), exercise of that power is discretionary. *Id.* at 726, 86 S.Ct. at 1139. I decline to exercise pendent jurisdiction in this case because consideration of plaintiff's state law claims in conjunction with the civil rights claims may lead to jury confusion. *See id.* at 727, 86 S.Ct. at 1139–40. Further, the state law claims would tend to expand the scope of the coverage and remedy provided for under § 1983. *See White v. Talboys*, 635 F.Supp. 505, 507 (D.Colo.1986); *Kerby v. Commodity Resources, Inc.*, 395 F.Supp. 786, 790 (D.Colo. 1975); *Christensen v. Phelan*, 607 F.Supp. 470, 472–3 (D.Colo.1985). Accordingly, plaintiffs' state law claims are dismissed.

IT IS THEREFORE ORDERED THAT:

Defendants' motion to dismiss is granted in part and denied in part. Plaintiff's 42 U.S.C. §§ 1982 and 1985(3) claims are dismissed. Plaintiff's state law claims are dismissed *sua sponte*. This action shall proceed only under 42 U.S.C. § 1983.