Marian L. OLSON and Ida M. Brueske, Plaintiffs–Appellees and Cross–Appellants,

v.

HILLSIDE COMMUNITY CHURCH, S.B.C., a Colorado non-profit corporation; First Bank of Arvada, N.A.; the City of Golden, a Colorado municipal corporation; and the City Council of the City of Golden, Defendants–Appellants and Cross–Appellees.

No. 99CA2070.

Colorado Court of Appeals, Div. II.

Sept. 13, 2001.

Rehearing Denied Nov. 1, 2001.

Certiorari Granted Feb. 25, 2002.

Victor F. Boog & Associates, P.C., Victor F. Boog, Linda A. Battalora, Lakewood, CO, for Plaintiffs–Appellees and Cross–Appellants.

Holley, Albertson & Polk, P.C., Dennis B. Polk, Eric E. Torgersen, Golden, CO, for Defendants–Appellants and Cross–Appellees Hillside Community Church, S.B.C. and First Bank of Arvada.

Griffiths, Tanoue & Light, P.C., Steven J. Dawes, Denver, CO, for Defendants–Appellants and Cross–Appellees City of Golden and City Council of Golden.

Opinion by Judge PLANK.

In this dispute regarding the construction of an addition to the Hillside Community Church, S.B.C. (Hillside) in Golden, defendants, the City of Golden, its City Council, Hillside, and First Bank of Arvada, and plaintiffs, Marian L. Olson and Ida M. Brueske, all appeal the trial court's judgment. We affirm in part, reverse in part, and remand.

Plaintiffs own and reside in homes adjacent to Hillside. In the spring of 1997, Hillside commenced grading without a permit of any kind. The city became aware of the work when one of the plaintiffs complained of dust, but allowed the work to continue. Hillside applied for and, in May 1997, received a "Foundation Only" permit. Hillside did construction work beyond that allowed by the "Foundation Only" permit. Hillside received a building permit in October 1997.

In April 1998, when the addition was substantially completed, plaintiff Marian L. Olson, through her attorney, advised the city that a special use permit had not been obtained for the addition and that the addition might not meet the thirty-foot height limit for structures in that particular residential zone.

In May 1998, the City Attorney determined that the addition was an extension of a nonconforming use under the Golden Municipal Code (GMC) and that a special use permit should have been required prior to the issuance of any building permit. However, in reliance on the doctrine of comparative hardship described in *Hargreaves v. Skrbina*, 662 P.2d 1078 (Colo.1983), the city did not revoke the building permit because the structure was already constructed.

In June 1998, the city granted a five-foot height variance to Hillside in excess of the residential zone district height limit. The variance was granted without following the procedures for variances in GMC and without making a finding in conformance with the GMC criteria. In November 1998, a certificate of occupancy was issued.

Meanwhile, in June 1998, plaintiffs filed a complaint alleging five claims for relief: (1) a claim for a prescriptive easement across the Hillside property for access to their backyards; (2) a claim alleging construction of improvements by Hillside was in violation of numerous city ordinances and requesting removal of the improvements; (3) a claim requesting the city require Hillside to comply with the city's zoning ordinances; (4) a claim that the city exceeded its jurisdiction and abused its discretion in granting Hillside a height variance; and (5) a claim that the city denied plaintiffs due process by denying them the opportunity to participate in the special use permit process.

At the conclusion of the evidence and arguments, the trial court entered its judgment that: (1) the city should vacate the certificate of occupancy for the addition, and not issue such certificate or temporary certificate be issued absent approval of a special use permit issued in compliance with the GMC and the building code; (2) Hillside should file an

application for special use permit and request a public hearing thereon; (3) the city should conduct a hearing on that application; (4) the height variance was vacated; (5) under the doctrine of relative hardship, the addition need not be removed or altered provided a special use permit was issued after hearing; and (6) plaintiffs, as prevailing parties were awarded reasonable attorney fees to be paid by the city.

### I.

Initially, defendants contend the trial court erred in concluding that plaintiffs have a property interest sufficient to invoke constitutional due process. We disagree and conclude that because a special use permit was not obtained and a hearing was not conducted, plaintiffs were deprived of their due process rights.

To establish entitlement to procedural due process, a plaintiff must demonstrate a property or liberty interest. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A protected property interest exists only when the plaintiff has a legitimate claim of entitlement, as opposed to a unilateral expectation. Furthermore, a claim of entitlement must stem from an independent source, such as state law. *Carlson v. Industrial Claim Appeals Office*, 950 P.2d 663 (Colo.App.1997). Statutes or regulations can create a legitimate property interest. *See Painter v. Shalala*, 97 F.3d 1351 (10th Cir.1996).

Here, plaintiffs have a legitimate claim of entitlement arising from the GMC, which requires Hillside to obtain a special use permit. Furthermore, GMC § 18.30.020(7) states, "The Planning Commission shall hold a public hearing on the special use permit application." Because the city never required Hillside to obtain a special use permit, no public hearing was conducted. Thus, plaintiffs were denied their right to notice and hearing.

Accordingly, we conclude plaintiffs had a legitimate property interest arising from the GMC, and the city denied plaintiffs the opportunity to testify at a special use permit hearing. Therefore, the trial court properly found that plaintiffs' procedural due process rights were violated, and they are entitled to a hearing on the permit.

### II.

Secondly, defendants contend that the trial court erred in finding plaintiffs were entitled to mandatory relief pursuant to GMC and C.R.C.P. 65(a) and 106(a)(2). Specifically, defendants argue that the GMC provisions are discretionary. We disagree.

C.R.C.P. 106(a)(2) provides that relief may be obtained to compel a governmental body to perform an act that the law specifically enjoins as a duty and to compel the admission of a party to a right from which he or she has been precluded by that government body. Furthermore, the word "shall" in an administrative regulation is presumed to connote a mandatory meaning. *Gerrity Oil & Gas Corp. v. Magness*, 923 P.2d 261 (Colo.App.1995), *aff'd in part and rev'd in part*, 946 P.2d 913 (Colo.1997). *See also Save Park County v. Board of County Commissioners*, 990 P.2d 35 (Colo.1999).

Here, specific sections of the GMC at issue contain the word "shall." For example, § 18.12.010(2) states that "[a]n application ... shall require the written approval of not less than 80% of the owners" of neighboring properties. Moreover, § 18.12.010(6) states that "[a]ll buildings shall comply with all ordinances of the city, including the planning and zoning ordinance and the city building code except for the specific variance requested and approved."

Therefore, because GMC's provisions are not discretionary and the city did not comply with them, the trial court correctly concluded that plaintiffs were entitled to mandatory relief. We agree with the trial court that the city's representatives' assertions that they had discretionary powers, not defined in ordinances, in interpreting and applying regulatory provisions were "simply incredible."

### III.

Thirdly, defendants contend the trial court erred in its inconsistent application of the doctrine of relative hardships. We con-

clude that the record does not support any application of that doctrine.

■■■■ In determining whether defendants must remove the offending portion of the building, three factors are considered: (1) good faith reliance on the permit; (2) the neighbors' appreciable impairment compared to the builder's investment; and (3) general respect for municipal ordinances. However, this balancing test is appropriate only if the facts demonstrate the builder acted in good faith. *See Hargreaves v. Skrbina, supra.* Therefore, the doctrine of relative hardships is not applicable in every case. *See Flinn v. Treadwell,* 120 Colo. 117, 207 P.2d 967 (1949).

Here, the record does not support a finding that Hillside acted in good faith.

The trial court found, with record support, that Hillside constructed the addition and the city granted a building permit "in violation of numerous provisions of the GMC and the Uniform Building Code." The court noted at least twelve specific code and ordinance violations, including violation of the zoning restriction on expansion of a nonconforming use in this zoning district; violation of the thirty-foot height limitation; failure to submit a complying site development plan; submitting a parking plan twelve months after it was required; and numerous violations of grading provisions of the codes, without obtaining a grading permit or certificate of completion. The court also concluded that Hillside had been issued a certificate of occupancy in violation of the codes.

The court's determination that Hillside acted in good faith is untenable in light of the following findings of fact made by the trial court. The evidence established that defendants did not lack the means or knowledge to ascertain "the true facts" regarding the need for a special use permit prior to construction of the thirty-foot height limitation. Also, Hillside started construction without investigating planning and zoning requirements; Hillside was notified of the thirty-foot height restriction prior to issuance of a building permit; when plaintiffs learned of this violation, they promptly notified defendants; Hillside began construction before obtaining a necessary building permit. Further, Hillside continued construction with knowledge that the site development plan had not been approved and was inadequate and "with full knowledge" that its on-site parking plan had not been approved. Moreover, Hillside continued construction even after the city finally notified it of the thirty-foot height limit; Hillside never redesigned the building to meet this limit; and Hillside used the building without having obtained a certificate of occupancy and without complying with many code provisions relating to grading. Finally, Hillside neither applied for a special use permit nor exhausted its administrative remedies.

In light of these facts, the equitable doctrines of estoppel and relative hardships should not be applied to protect Hillside from the consequences of its actions in ignoring a plethora of zoning, planning, and code provisions. Thus, that aspect of the judgment applying the doctrine of relative hardship must be reversed, and on remand the trial court must require Hillside to modify the church addition to comply with existing GMC ordinances.

## IV.

■■■■ Next, defendants contend the trial court erred in vacating a five-foot height variance. We disagree.

The trial court found that the city did not require that Hillside comply with all the ordinances as a condition precedent to Hillside's application for a variance. Further, it found that there was insufficient evidence presented at the variance hearing concerning the topographic conditions that would allow the granting of Hillside's request. The record supports the trial court order requiring that the variance be set aside.

## V.

■■■■ Plaintiffs contend on cross-appeal that the trial court erred in failing to find that the city was obligated to count seats in Hillside's Sunday school facilities in computing on-site parking requirements for the Hillside property. We disagree.

In determining the number of parking spaces for the addition, the city complied with GMC § 18.36.030(4)(A), which states:

"Assembly Halls, Churches. One parking space shall be provided for each four seats or similar accommodations." There is no GMC provision stating how to calculate the number of seats in a church. Moreover, there is some evidence in the record to support the city's calculation of parking spaces, including the testimony of the Director of the Planning and Community Developments Department that Sunday school children would likely come to church with their parents and would not require additional parking spaces.

Accordingly, we find no reason to disturb the city's calculation of on-site parking spaces.

## VI.

Next, plaintiffs contend that the trial court erred in failing to order removal of the eight-foot fence along Hillside's north property line. We remand for clarification.

Section 18.40.126(2) of the GMC states, "A solid fence or wall eight (8) feet in height shall be part of a ten (10) foot wide buffer strip between commercial or industrial uses and residential uses." C.R.C.P. 52 states that in actions tried to the court, the court shall find the facts specially and state separately its conclusions of law thereon.

Here, the trial court concluded that § 18.40.126(2) was inapplicable, yet determined a fence was required.

Because we are unable to determine the basis for the trial court's decision, we remand for reconsideration of this issue and a clearer statement of the findings of fact and conclusions of law that support the trial court's eventual decision.

## VII.

■ Finally, plaintiffs contend that the trial court applied the incorrect standard of proof in denying their claim of prescriptive easement. Specifically, plaintiffs argue that the trial court should have applied a preponderance of the evidence standard. We agree.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

On remand the trial court must reconsider that claim and apply a preponderance of the evidence standard consistent with *Gerner v. Sullivan*, 768 P.2d 701 (Colo.1989)(a party who claims a prescriptive easement must prove by a preponderance of the evidence continuous, open, and adverse use of the easement for the statutory period of eighteen years).

Accordingly, the portion of the judgment determining that plaintiffs have a constitutional procedural due process right and are entitled to mandatory relief pursuant to the GMC and C.R.C.P. 65(a) and 106(a)(2), is affirmed, as is the portion of the judgment concerning the five-foot height variance and the seat count. The judgment is reversed in all other respects, and the case is remanded to the trial court to require Hillside to modify the addition to comply with existing requirements; to reconsider the eight-foot wall issue and the prescriptive easement claim; and to conduct additional proceedings consistent with this opinion.

Judge NEY and Judge STERNBERG,* concur.

