**CROWN POINT I, LLC, a Delaware limited liability company, Plaintiff,**

v.

**INTERMOUNTAIN RURAL ELECTRIC ASSOCIATION, a Colorado cooperative electric association, the Town of Parker, Colorado, a Colorado home rule town, Defendants.**

No. CIV.A. 02–K–914.

United States District Court, D. Colorado.

July 9, 2002.

John Preston Baker, Jennifer Anne Schaffner, Shughart, Thomon & Kilroy, Denver, CO, for plaintiff.

Patrick B. Mooney, Wendy J. Shea, Semple, Miller & Mooney, PC, Denver, CO, for Intermountain Rural Elec.

Corey Yaron Hoffman, Hayes, Phillips, Hoffmann & Carberry, PC, Denver, CO, for Town of Parker, Colo.

### MEMORANDUM DECISION ON MOTIONS TO DISMISS

KANE, Senior District Judge.

This case arises out of a state condemnation proceeding in which I recently denied Plaintiff development company's Motion for Temporary Restraining Order because I was "not willing to enjoin state-court proceedings with so many state issues involved." That denial is the subject of a pending motion for reconsideration. Defendants have filed separate motions to dismiss.

Crown Point I, LLC's (CPI) claims hinge on the assertion that it has a viable and protectable federal *property* interest in the hearing requirements of the Town of Parker's use-by-special-review application procedure for the construction of electrical transmission lines. Based on my review of the parties' arguments and legal authority supporting them, I agree with Defendants that this interest is insufficient to meet the standard for Fourteenth Amendment protection articulated in *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), because CPI would have no reasonable guarantee of prevailing on its request that the transmission line be rerouted even if the omitted hearing had taken place. The injury or interest at

issue is whatever damage results from location of the transmission line on its property. This interest is protected by the "just compensation clause" of the Fifth Amendment as well as state law "takings" requirements, and until such time as state law procedures related to "takings" are exhausted (i.e., CPI's property is condemned), CPI's due process claim is not yet ripe.

CPI, a developer, initiated this lawsuit in May, 2002, seeking preliminary and permanent injunctive relief prohibiting Intermountain Rural Electric Association (IREA) from engaging in condemnation proceedings CPI claimed were unlawful and undertaken in violation of a public hearing requirement enacted by the Town of Parker, as well as damages from IREA, the Town of Parker and the Douglas County Board of County Commissioners under 42 U.S.C. § 1983 for deprivations of CPI's federal due process rights. IREA and the Town of Parker immediately filed separate Motions to Dismiss. I put the motions on an expedited briefing schedule and set them for argument on July 8. I said I would set a date for a preliminary injunction hearing, "if necessary," shortly thereafter.

While the motions to dismiss were in briefing, IREA served on CPI a Petition in Condemnation to condemn an easement across CPI's property in order to construct a 115 kilovolt transmission line (the "Transmission Line" or "Line"). CPI

moved for a temporary restraining order, asserting that, without immediate intervention from the court, IREA would proceed with its eminent domain action and condemn an easement for the Transmission Line "even though no public hearing was held regarding the route of the Transmission Line through the Town of Parker, in violation of Parker's Municipal Code."

After a hearing held June 18, 2002, I denied the motion for temporary restraining order, citing the general rule reflected in *Colorado Central Power Co. v. Englewood,* 89 F.2d 233 (10th Cir.1937), that courts should not enter an order in equity enjoining a condemnation proceeding, and expressing my belief that CPI would have a "full opportunity to obtain legal redress in a state action involving these state issues." On June 26, CPI filed its Motion for Reconsideration.[1] In the meantime, the motions to dismiss were already set for argument July 8.

Both IREA and the Town of Parker argue generally that no cognizable property interest arises from procedural provisions of land use regulations alone. Even if such an interest could be said to arise in some cases, it does not arise here, where: (1) Colorado law favors the construction of "major electrical and natural gas facilities" and provides for the automatic approval of land use applications for such facilities where local governmental entities fail to take final action within statutorily prescribed time lines;[2] and (2) the specific

---

**1.** CPI's Motion for Reconsideration is premised on the assertion that *Colorado Central Power* and the Anti–Injunction Act do not compel the course of action taken. Specifically, CPI argues the "Colorado Rule" *Central Power* espouses applies only if meaningful action on constitutional objections to a state or local entity's condemnation proceedings is possible in the state court. Here, CPI contends, federal jurisdiction was obtained before commencement of the state condemnation action at issue and the state condemnation action at issue cannot provide a remedy for the constitutional claims asserted.

**2.** It was an action by IREA against Douglas County under this statute that precipitated the Town of Parker's passage of the ordinance requiring a use by special review application and public hearing before transmission lines would be approved. And it was IREA's subsequent action against the Town of Parker challenging the ordinance that resulted in the passage of Resolution No. 01–042 on Septem-

zoning ordinance at issue permits the Town of Parker "to waive" the use by special review requirement on which CPI's asserted due process interest is premised. In addition, Defendant IREA argues CPI's claim is unripe.

In *Hyde Park Company v. Santa Fe City Council*, 226 F.3d 1207 (10th Cir. 2000), the Tenth Circuit articulated the applicable legal standard at issue in the following manner:

> The Fourteenth Amendment proscribes a state from, among other things, depriving a party of "property without due process of law." U.S. Const. amend. XIV, §§ 1. Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision. *See, e.g., Mitchell v. City of Moore*, 218 F.3d 1190, 1198 (10th Cir.2000); *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir.1998); *Archuleta v. Colorado Dep't of Institutions, Div. of Youth Serv.*, 936 F.2d 483, 490 (10th Cir.1991). We established nearly twenty-five years ago that to prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectable property interest. [Footnote omitted.] *See Weathers v. West Yuma County Sch. Dist. R–J–1*, 530 F.2d 1335, 1340–42 (10th Cir.1976) (absence of a protectable property interest foreclosed further inquiry into plaintiff's procedural and substantive due process claims) (citing *Jeffries v. Turkey Run Consol. Sch. Dist.*, 492 F.2d 1, 5 (7th Cir.1974) (Stevens, J.) (absence of a

property interest was fatal to plaintiff's procedural and substantive due process claims)).

226 F.3d at 1210.

■ The Supreme Court defines "property" in the context of the Fourteenth Amendment's due process clause as a "legitimate claim of entitlement" to some benefit created and defined by "existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Arguing the public hearing provisions of Parker's municipal ordinance provisions do not give rise to a property interest under *Roth*, IREA (as well as the Town of Parker) asserts CPI's Complaint must be dismissed.

■ In municipal land use regulation cases, the entitlement analysis of *Roth* "presents a question of law and focuses on 'whether there is discretion in the defendants to deny a zoning or other application filed by the plaintiffs.'" *Hyde Park*, 226 F.3d at 1210 (quoting *Norton v. Village of Corrales*, 103 F.3d 928, 931–32 (10th Cir. 1996)). "'The entitlement analysis centers on the degree of discretion given the decisionmaker and not on the probability of the decision's favorable outcome.'" *Id.* (quoting *Jacobs Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1116 (10th Cir.1991)). To prevail, then, "[CPI] must show that under the applicable law, the [Planning Commission and Town Council] had limited discretion to [approve IREA's application over CPI's objection at a public hearing]." *Id.* (citing *Jacobs* 927 F.2d at 1116). "'Otherwise, the city's decisionmaking lacks sufficient substantive limitations to invoke due process guaran-

ber 17, 2001, which waived the use by special review requirement for the Transmission

Line.

tees.'" *Id.* (quoting *Jacobs* 927 F.2d at 1116). I hold the statutory and regulatory structure for approving the construction of transmission lines in Colorado and the Town of Parker does not so limit the Town's discretion. In fact, the Town can, and did, simply pass whatever resolution it needed to waive a hearing requirement it enacted only because IREA was trying to push this specific project through under the Colorado state statute that said approval would be automatic unless Parker acted affirmatively to disapprove it.

I note CPI cites one Colorado Court of Appeals decision that supports its claim of a federal property interest triggering Fourteenth Amendment protection. In *Olson v. Hillside Community Church,* 42 P.3d 52 (Colo.App.2001) (Plank, J.), *cert. granted* Feb. 25, 2002, the Colorado Court of Appeals held that the City of Golden violated landowners' rights by allowing a church to build an addition in a residential zone without a special use permit hearing. The *Olson* court did not engage in the entitlement analysis outlined in *Hyde Park,* which asks whether the fulfillment of the challenged act or omission of the municipality created a "legitimate expectation" that the plaintiff would have prevailed. *See Hyde Park,* 226 F.3d at 1210. The *Hyde Park* "entitlement analysis" applies here. *Olson* is thus distinguished and unpersuasive.

■ IREA relies on *Rocky Mountain Materials & Asphalt, Inc. v. Board of County Commissioners of El Paso County,* 972 F.2d 309, 310 (10th Cir.1992), for the proposition that CPI's ultimate interest—its interest in its property that is subject to condemnation by virtue of IREA's settlement with Parker and routing of the Transmission Line over its property—is protected by the Fifth Amendment's Just Compensation Clause and CPI's rights under that clause should be addressed in condemnation proceedings that have not yet occurred. Until that time, IREA maintains "the more generalized Fourteenth Amendment due process protections are not ripe because the bases for such protections are premised upon the same deprivation addressed by the condemnation procedures."

CPI counters with *Upah v. Thornton Development Authority,* 632 F.Supp. 1279 (D.Colo.1986) (Kane, J.), a case in which I rejected defendant's assertion that plaintiff's pre-condemnation due process claims were not ripe because plaintiff's allegations of a "far ranging conspiracy" to rezone, subdivide and to create a "special improvement district," all for the purpose of taking his land for a shopping center, stated a claim for relief beyond a mere challenge to condemnation proceedings. *Upah,* 632 F.Supp. at 1280–81 (unreasonable government regulation may constitute a taking in some instances independently of condemnation) (citing *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 415, 43 S.Ct. 158, 67 L.Ed. 322, (1922) (general rule is that while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking)). The IREA–Town of Parker settlement at issue in this case does not fall into this category of abusive or conspiratorial regulation. Moreover, Colorado's strong public policy favoring construction of major transmission lines distinguishes this case from *Upah* where the gravamen was the alleged use of the condemnation power for private rather than public purposes. I think Defendants have the better argument on the ripeness issue.

For the foregoing reasons, the Motions to Dismiss are **GRANTED**. Perforce, the Motion for Reconsideration is **DENIED** as moot.

**IT IS ORDERED** that this civil action is **DISMISSED.** Each party is to pay its own costs.